TERRITORY OF MONTANA, respondent, *v.* McCLIN, appellant.

EXCEPTIONS — *allowance of* — *statement.* Exceptions will be considered by this court if there is a statement at the beginning of the bill that the exceptions were taken at the proper time and allowed.

CRIMINAL LAW — *evidence* — *conviction on confessions.* The testimony of a confession of guilt by the accused, which is not corroborated by any other evidence, is insufficient to sustain a conviction.

CRIMINAL LAW — *confessions to officers.* Confessions of guilt by the accused cannot be admitted in evidence, if they were not made voluntarily; and such confessions, made to an officer having the accused in custody, will be rejected if they were made after the officer had said that it would be better for him to confess his guilt.

*Appeal from the First District, Gallatin County.*

McCLIN was tried in June, 1871, by a jury, who returned a verdict of guilty, and the court, MURPHY, J., sentenced him. The other facts are stated in the opinion of the court, the remarks of MURPHY, J., and the note of the reporter.

S. WORD and PAGE & COLEMAN, for appellants.

Appellant was convicted upon his confession. There was no other evidence of guilt, and such a conviction could not be had. *People* v. *Hennessey,* 15 Wend. 148; *People* v. *Badgley,* 16 id. 53.

Appellant's confessions were not voluntary, and should have been excluded. 1 Phil. on. Ev. 542, 543; *People* v. *McMahon,* 15 N. Y. 384; *People* v. *Wentz,* 37 id. 303; *Hartung* v. *People,* 4 Park. C. C. 319.

The confessions of appellant to the officer having him in custody were inadmissible after officer had advised him to make the confessions. 1 Phil. on Ev. 542, 543, 557; *Regina* v. *Warringham,* 2 Lead. Crim. Cas. 167.

Any subsequent confession of guilt made by appellant was inadmissible, unless it appeared that the inducements of the officer and owner of the goods taken had been withdrawn and their influences removed. 1 Phil. on Ev. 551–554. The court erred in refusing to allow the officer, Guy, to answer the question put to him by appellant.

The instructions of the court were erroneous.    See authorities already cited.

If the confessions were improperly admitted, the judgment of conviction should be reversed.    *Acquittal* v. *Crowell*, 1 Cal. 191 ; *Junis* v. *Steamer Senator*, id. 459 ; *Grimes* v. *Fall*, 15 id. 63.

H. N. BLAKE, district attorney, first district, for respondent.

The transcript does not show that any exceptions were properly taken by appellant or allowed.    They must be settled, signed, sealed and filed as allowed by law in civil cases.    Acts 1865, 244, § 177.

This assertion in the transcript must be disregarded, to wit : "Now comes the defendant by his attorneys, and tenders the following bill of exceptions, which were taken at the proper time and allowed."    It is not certified to be correct by the judge or counsel.

The bill of exceptions is a mere statement of evidence. No error of the court is complained of.    The appellant did not except to the action of the court at the trial.    This court cannot review the same.    *People* v. *Thompson*, 28 Cal. 218 ; *People* v. *Martin*, 32 id. 91 ; *People* v. *Dick*, id. 214 ; *People* v. *Trim*, 37 id. 275.

The appellant was not injured by the confession specified in the first exception, as it was excluded from the jury by the court.

The question put to the officer, Guy, about soliciting appellant to confess, was "ruled out by the court."    No objection was made to the same, and no exception was taken to the ruling thereon.

The instructions referred to in the bill were not excepted to by anybody.    They may have been given at the request of the appellant.    The record is so defective in this respect that they cannot be reviewed.

The evidence detailed in the bill was "objected to" by appellant, when it was offered.    No exception was taken to its admission, and there is nothing for the court to review.

The failure of appellant to take any exception to the above

evidence or instructions was an acquiescence in the judgment of the court and a waiver of any right to appeal. *People* v. *Wooster*, 16 Cal. 435 ; *Turner* v. *Tuolumne C. W. Co.*, 25 id. 398.

The ground on which the evidence was objected to is not stated. A general objection is insufficient. *People* v. *Rodriguez*, 10 Cal. 50 ; *People* v. *Frank*, 28 id. 507.

The admission of the evidence was discretionary with the court. 1 Greenl. Ev., § 219 ; *People* v. *Jim Ti*, 32 Cal. 64.

WADE, C. J. This case comes into this court on appeal from the judgment and bill of exceptions, upon the separate trial of defendant, James F. McClin, indicted jointly with defendants, Nathan Ward, David Collier and John Maloney, for the crime of burglary.

It is contended by respondent that the record does not disclose the fact that any proper exceptions were taken at the trial to the rulings of the court upon the introduction of evidence, or to the charge of the court to the jury. This is an appeal from the judgment-roll, and the bill of exceptions is properly before the court for consideration. The bill of exceptions commences as follows :

" Now comes the defendant by his attorneys and tenders the following bill of exceptions, which were taken at the proper time and allowed."

We think these words form a part of the bill of exceptions, and the bill being signed by the judge as correct, we must hold that to any ruling of the court, objected to at the time, as disclosed by the bill of exceptions, proper exceptions were taken at the time and allowed. This is the plain import and meaning of the language employed.

We are then to consider the case as disclosed by the bill of exceptions and the record. By the record the defendant was convicted upon the evidence of confessions alone. As shown in the testimony the defendant was arrested by one John Guy, deputy sheriff, and that he told defendant that it would be better for him to confess his guilt. There appears the following in the bill of exceptions :

" In addition to the above, further evidence being adduced that a mob of one hundred men were around and about the jail where defendant was confined at intervals of nearly all one day ; that threats were frequently made against defendant that if he did not confess he would have one hundred lashes, would be hung, etc. ; that word was brought to defendant that one person confined with him and recently taken out by the mob had been hung ; that the names of defendant and others confined in jail and the addresses of their parents and friends had been taken down by John Guy, deputy sheriff, in writing, with their knowledge, that in consequence of these threats and demonstrations defendant was greatly excited and alarmed so that he shed tears ; and further, no evidence being produced that the inducements held out by the said deputy sheriff, John Guy, were at any time withdrawn, or that the mind of the defendant was at any time freed from the apprehensions occasioned by said violent threats and demonstrations ; the court admitted as evidence confessions of guilt made by defendant to said Guy at intervals for several days afterward.    Defendant's attorneys objected to the evidence at the time it was offered. The foregoing testimony having been adduced, the defendant's attorneys put the following question to the witness, Guy : ' Were the confessions of defendant made subsequent to the day of his first confession, made at your solicitation and advice, that it would be better for him ?' which question was ruled out by the court.

" The court then charged the jury that they should regard as evidence all confessions of guilt made by defendant to said Guy after the day of the first confession."

We think the court erred in refusing to permit the witness, Guy, to answer the question above set forth, and we are of opinion that a conviction upon the testimony of confessions alone is not warranted by the authorities.

Whether *extra judicial confessions, uncorroborated* by any other proof of the *corpus delicti,* are of themselves sufficient to found a conviction, has been gravely doubted.    In the Roman laws such naked confessions would not work

out a conviction. In each of the English cases usually cited in favor of the sufficiency of this evidence there was some corroborating circumstances. In the United States the prisoner's confession, when the *corpus delicti* is not otherwise proved, has been held insufficient for his conviction; and this opinion certainly best accords with the humanity of the criminal code, and with the great degree of caution applied in receiving and weighing the evidence of confessions in other cases, and it seems countenanced by approved writers on this branch of the law. 1 Greenl. Ev. 246; Phillips' Ev. 542, 543 and note; 15 Wend. 148; 16 id. 53.

Before any confession can be received in evidence in a criminal case, it must be shown that it was voluntary. The preliminary examination for this purpose must be addressed to the judge. "A free and voluntary confession," said Chief Justice EYRE, "is deserving of the highest credit, because it is presumed to flow from the strongest sense of guilt, and therefore it is admitted as proof of the crime to which it refers, but a confession forced from the mind by the flattery of hope or by the torture of fear, comes in so questionable shape when it is to be considered as the evidence of guilt, that no credit ought to be given to it, and therefore it is rejected." 1 Leach's Crim. Cas. 299; 15 Wend. 231; Phillips' Ev. 542; 15 N. Y. 384; 37 id. 303.

In regard to the person by whom the inducements were offered, it is very clear that if they were offered by the prosecutor, or by an officer having the prisoner in custody, or by a magistrate, or, indeed, by any one having authority over him or over the prosecution itself, or by a private person in the presence of one in authority, the confession will not be deemed voluntary and will be rejected. 1 Greenl. Ev. 253, § 222.

In view of these authorities and principles which seem to be well settled, we think the court erred in refusing to permit the deputy sheriff, Guy, to answer if the alleged confession was not made upon his solicitation and advice to the prisoner that it would be better for him to confess.

Confessions to an officer, if admitted in evidence in any court, should be so admitted with the greatest care and caution, and after the possibility of any and every inducement has been removed, and the authorities seem to go to the extent of excluding any confession made to an officer under any circumstances. There may be some doubt as to this position, but certainly there is no doubt where the officer makes any promises or threats to induce a confession.

There was no evidence in this case, except the bare, naked confession of the defendant, as shown by the record, and it is exceedingly doubtful if a conviction could be worked out upon such testimony alone.

The verdict and judgment of the court below is set aside and a new trial granted.

*Judgment reversed.*

MURPHY, J., concurred in the foregoing opinion by making the following remarks :

I sign this opinion upon the made record as it has appeared, but with the statement that the bill of exceptions was signed upon agreement between the district attorney and defendant's counsel, without examination, and is both incorrect and incomplete, and does not present the case at all as it was tried below.

---

NOTE. The words " Now comes the defendant by his attorneys and tenders the following bill of exceptions, which were taken at the proper time and allowed," were written by the clerk of the court in his journal at the time he copied the bill of exceptions, after the court had adjourned for the term. The district attorney and counsel for appellant did not sign any bill of exceptions that contained the foregoing words. The journal of the clerk was signed by MURPHY, J., " without examination."

At the October term, 1871, McClin was again convicted and received the same sentence, five years in the territorial penitentiary.—REP.