TERRITORY, respondent, *v.* FARRELL, appellant.

CRIMINAL LAW — *Conviction* — *Evidence of confession.* — A defendant in a criminal case cannot be convicted upon mere evidence of his confession of the crime.

*Appeal from First District, Custer County.*

THE opinion states the facts.

ANDREW F. BURLEIGH, for appellant.

Taking money from one dead-drunk or asleep is larceny, not robbery. Whart. Crim. Law, sec. 855; 53 Cal. 58; 76 N. C. 120; 25 Ind. 403.

Voluntary confessions of specific charges are admissible under legal conditions, but will not sustain a conviction without corroborative proof of the *corpus delicti.* Whart. Crim. Ev. sec. 632 *et seq.;* 1 Greenl. Ev. secs. 216, 217; *Territory* v. *McClin,* 1 Mont. 394.

W. H. HUNT, Attorney-General, ror respondent.

1. There was enough proof of assault to constitute robbery.

2. The *corpus delicti* was not only established by admissions but by circumstances properly considered by the jury.

3. The offense being proved by circumstances to the satisfaction of the jury, the admissions of defendant were enough to have warranted the verdict.

4. The instructions were based on the testimony and a fair construction and statement of the law.

GALBRAITH, J.   The appellant was convicted of the crime of robbery.   Upon the trial the court gave the following instruction:

"If you believe that the defendant admitted that he had robbed Bracket at the time charged in the indictment, then this admission is as good proof against him as if an eye-witness had testified that he saw him perpetrate the crime." This instruction was erroneous. In the case of *Territory of Montana* v. *McClin,* this court said: "We are of opinion that a conviction upon the testimony of confessions alone is not warranted by the authorities," citing the following: 1 Greenl. Ev. sec. 217; Phillips' Ev. 542, 543; *People* v. *Hennessey,* 15 Wend. 148; *People* v. *Badgley,* 16 id. 53. See, also, Whart. Cr. Ev. sec. 632.

The evidence shows that the defendant made voluntary confessions, upon which, under this instruction, the jury might have found him guilty.   There were also corroborating circumstances, and there was evidence from which the jury might have found the *corpus delicti,* yet we cannot say but that the jury might have found the conviction of the defendant upon his confessions alone, taking this instruction for their guide.   We must therefore hold this instruction misleading and prejudicial to the defendant.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*Judgment reversed.*

WADE, C. J., and POLLARD, J , concurred.

