STATE, RESPONDENT, *v.* SHERMAN, APPELLANT.

(No. 2,409.)

(Submitted June 13, 1907. Decided June 24, 1907.)

[90 Pac. 981.]

*Criminal Law—Homicide—Confessions—Admissibility in Evidence—Appeal—Record.*

Criminal Law—Homicide—Confessions—Admissibility in Evidence—Question for Court.
    1. Under section 3441 of the Code of Civil Procedure, providing that all questions of law, including the admissibility of testimony and the facts preliminary to such admission, are to be decided by the court, which section is applicable to criminal as well as civil cases, the determination of the admissibility of confessions alleged to have been made by one charged with murder, was for the court, and in submitting the

question to the jury, when it appeared that there was some conflict in the evidence, the court erred.

Same—Confessions—Admissibility in Evidence—Review—Record.

2. The action of the district court in passing upon the admissibility of confessions, alleged to have been made by one accused of crime, being subject to review, the testimony taken on the question must have been taken at the trial of the cause—that is, in the presence of the jury; therefore, where the court excused the jury while hearing testimony as to the circumstances under which the confessions were made, such testimony, although incorporated in the transcript, will not be considered on appeal.

Same—Evidence—Confessions—Jury.

3. The jury, in criminal causes, are not bound to believe facts narrated in a confession after the court's decision that it is admissible, but may, in determining the weight to be given it, consider all the circumstances surrounding the making of it, and for this reason should not be excused by the court during the hearing of testimony touching the admissibility of the confession in evidence.

Same—Evidence—Confessions—Inducements.

4. To render confessions inadmissible it is not necessary that they must have been procured by inducements held out to defendant by one in authority; it suffices if made in response to inducements made by a third person in presence of an officer. Hence, in excluding from the jury statements made to defendant by his father, in the presence of officers, and claimed to have constituted an inducement to defendant ·to make certain confessions, prejudicial error was committed.

*Appeal from District Court, Fergus County; E. K. Cheadle, Judge.*

JAMES SHERMAN was convicted of murder, and appeals from the judgment and an order denying him a new trial. Reversed and remanded.

*Messrs. Wallace & Donnelly, and Mr. J. C. Huntoon,* for Appellant.

Citing, on the question of the inadmissibility in evidence of the confession of defendant: *People* v. *Barric,* 49 Cal. 345; *People* v. *Thompson,* 84 Cal. 598, 24 Pac. 386; *Watts* v. *State,* 99 Md. 30, 57 Atl. 544; *State* v. *Nagle,* 25 R. I. 105, 105 Am. St. Rep. 864, 54 Atl. 1065; *Peck* v. *State* (Ala.), 41 South. 760; *Dixon* v. *State,* 113 Ga. 1039, 39 S. E. 846; *Garner's Case,* 2 Car. & K. 920; *Kingston's Case,* 4 Car. & P. 387; *Rex* v. *Par-*

*tridge,* 7 Car. & P. 557; *Case of Baldry,* 2 Den. C. C. 430; *Biscoe* v. *State,* 67 Md. 6, 8 Atl. 572.

As instances of the statements which amount to inducements under the law, we cite the following expressions and decisions upon them: "Be better for him if he does." (*Commonwealth* v. *Curtis,* 97 Mass. 578.) "If you are guilty, you had better own it." (*State* v. *York,* 37 N. H. 175.) "It would be better for you, Harry, to tell the whole thing." (*State* v. *Wintzingerode,* 9 Or. 153.) "It would be better for him to make a full disclosure" (uttered by someone in the presence of the sheriff and his deputy.) *People* v. *Barric,* 49 Cal. 344.) "Jimmie, they are not going to let you out on such stuff as this." (*Collins* v. *Commonwealth* (Ky.), 25 S. W. 744.) "I don't think the truth would hurt anybody. It would be better for you to come out and tell all you know about it, if you feel that way." (*People* v. *Thompson,* 84 Cal. 598, 24 Pac. 386.) "If he would tell all about it, it may be of interest to you and to me too." (*Searcy* v. *State,* 28 Tex. App. 513, 19 Am. St. Rep. 851, 13 S. W. 782.) "It will be better for you, if you do." (*Redd* v. *State,* 69 Ala. 255.) "You had better tell all you know." (*Rex* v. *Kingston,* 4 Car. & P. 387.) "I should be obliged to you if you will tell us what you know about it. If you will not, of course we can do nothing." (*Rex* v. *Partridge,* 7 Car. & P. 551.) "You had better tell all about it. It will save trouble." (*Reg.* v. *Cheaverton,* 2 Fost. & F. 833.) "As a general thing, it is better for a man who is guilty to plead guilty, for he gets the lighter sentence." (*Commonwealth* v. *Curtiss,* 97 Mass. 574.) "You had better confess." (*Commonwealth* v. *Nott,* 135 Mass. 269; *People* v. *Phillips,* 42 N. Y. 200; *Flagg* v. *People,* 40 Mich. 708.) "You had better speak the truth." (*Reg.* v. *Bate,* 11 Cox C. C. 686.) In *Reg.* v. *Jarvis,* L. R. 1 C. C. 96, the court said: "The words, 'you had better tell the truth,' seem to have acquired a sort of technical meaning, importing a threat or benefit." (See, also, *Rex* v. *Dougherty,* 13 Cox C. C. 23; *Rex* v. *Cooper,* 5 Car. & P. 535; *Commonwealth* v. *Preece,* 140 Mass. 276, 5 N. E. 494;

*Territory* v. *McClin*, 1 Mont. 398; *Territory* v. *Underwood*, 8 Mont. 134, 19 Pac. 398; *Bram* v. *United States*, 168 U. S. 534, 18 Sup. Ct. 183, 42 L. Ed. 570; *Sorenson* v. *United States*, 143 Fed. 820, 74 C. C. A. 468; *Green* v. *State*, 88 Ga. 516, 30 Am. St. Rep. 167, 15 S. E. 10; *State* v. *Drake*, 113 N. C. 624, 18 S. E. 166; *Gallagher* v. *State* (Tex. Cr. Rep.), 24 S. W. 288; *Mitchell* v. *State* (Miss.), 24 South. 312; *Hardin* v. *State*, 66 Ark. 53, 48 S. W. 904; *Ford* v. *State*, 75 Miss. 101, 21 South. 524; *White* v. *State*, 70 Ark. 24, 65 S. W. 937.) Most of the above cases deal with statements made to the accused by persons in authority. Under many of the authorities inducements made by one not in authority and not in the presence of officers, much less strong than those held out to the defendant by his father in this case, have been held to vitiate the confessions which they elicited. (*Smith* v. *State*, 125 Ga. 252, 54 S. E. 190; *State* v. *Force*, 69 Neb. 162, 95 N. W. 42; *Whitney* v. *Commonwealth*, 24 Ky. Law. Rep. 2524, 74 S. W. 257; *Sorenson* v. *United States*, 143 Fed. 820, 74 C. C. A. 468.) Where, however, such inducements are held out by a private person, or by a parent in the actual presence of the officers, the authorities are absolutely unanimous on the proposition that confessions elicited by them are inadmissible. (12 Cyc. 472.)

*Mr. Albert J. Galen,* Attorney General, *Mr. E. M. Hall,* Assistant Attorney General, and *Mr. O. W. Belden,* for Respondent.

The question of the admissibility of confessions in evidence is a matter which rests in the sound discretion of the trial judge, and its ruling will not be disturbed on appeal unless manifest error is shown. (Underhill on Criminal Evidence, sec. 126; 12 Cyc. 482; *Commonwealth* v. *Hudson*, 185 Mass. 402, 70 N. E. 436; *State* v. *Hopkirk*, 84 Mo. 284; *State* v. *Storms,* 113 Iowa, 385, 86 Am. St. Rep. 380, 85 N. W. 612; *Sanchez* v. *State,* 46 Tex. Cr. Rep. 179, 78 S. W. 505; *Wilson*

v. *State·* (Ga.), 9 S. E. 1073.) The above rule as to the admission of confessions has been adopted by this court. (*State* v. *Tighe,* 27 Mont. 327, 71 Pac. 3.)

While, as stated by Wigmore, confessions are excluded on the theory that, when shown to have been made by inducements, the same are untrustworthy, however, if as a result of such confessions search is made and facts confirm it in material point, this in effect destroys the reason for excluding such confession. (Wigmore on Evidence, sec. 856.) Applying the rule above stated to the confessions testified to in this case, we find the same confirmed in all their material details.

That an admonition that "*it would be better to tell the truth*" can in no way render a confession inadmissible has been very clearly and fully stated by Mr. Wigmore and supported by a long line of authorities. (Wigmore on Evidence, sec. 832; *State* v. *Kornstett,* 62 Kan. 221, 61 Pac. 805; *People* v. *Kennedy,* 159 N. Y. 346, 70 Am. St. Rep. 557, 54 N. E. 51; *State* v. *Robinson,* 117 Mo. 649, 23 S. W. 1066; *State* v. *Patterson,* 73 Mo. 695; *State* v. *Carr,* 37 Vt. 195; *Hintz* v. *State,* 125 Wis. 405, 104 N. W. 110; *State* v. *Lipscomb,* 160 Mo. 125, 60 S. W. 1085; *State* v. *Armstrong,* 16 Mo. 257, 66 S. W. 964; *Fouts* v. *State,* 8 Ohio St. 109; *State* v. *Gossett,* 9 S. C. Law Rep. 428; *Grimsinger* v, *State,* 44 Tex. Cr. Rep. 1, 69 S. W. 586; *Reg.* v. *Jarvis,* 10 C. C. C. 574; *Reg.* v. *Reeve,* 12 C. C. C. 179; *Huffman* v. *State,* 130 Ala. 89, 30 South. 394; *Minton* v. *State,* 99 Ga. 254, 25 S. E. 626; *State* v. *Staley,* 14 Minn. (Gil. 75) 112.)

The circumstances surrounding the making of the confessions in the case of *Bram* v. *United States,* 168 U. S. 534, 18 Sup. Ct. 183, 42 L. Ed. 570, strongly relied upon by appellant, are clearly distinguishable from the circumstances surrounding the making of the confessions in the case at bar. Furthermore, such case has been severely criticised by eminent authorities on evidence, and the doctrine therein announced repudiated by several state courts of last resort. (*State* v. *Storms,* 113 Iowa, 394, 86 Am. St. Rep. 380, 85 N. W. 612.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court:

James Sherman was convicted of the crime of murder of the second degree, and appeals from the judgment and from an order denying him a new trial.

During the course of the trial, an effort was made by the state to introduce in evidence certain confessions made by the defendant. Upon the request of the defendant, the court excused the jury, and heard testimony as to the circumstances under which such confessions were made. While the court seems to have been satisfied that the confessions were admissible, it nevertheless finally submitted the question to the jury, and this, also, would appear to have been done at the instance of the defendant, after he ascertained that the court deemed that such confessions were admissible.

It is claimed by the defendant, first, that the evidence produced before the court, sitting without a jury, shows that the confessions were inadmissible; and, second, that the court erred in instructing the jury as to the test to be applied in determining the admissibility of such confessions. While no exception was taken to the mode of procedure adopted in this instance, a discussion of it is necessary in order to determine whether the court committed either or both of the errors of which complaint is made.

No subject of the law is in more inextricable confusion than that relating to the admission in evidence of confessions made by one accused of crime. The action of the trial court in first hearing testimony relating to the circumstances under which the confessions were made, and then submitting the question of their admissibility to the jury, when it appeared that there was some conflict in the evidence, finds support in numerous authorities. (See 12 Cyc. 482, where the cases are cited.) But these cases are from states having statutes different from our own, or not having any statutes upon the subject at all.

The question whether the confessions were admissible was one relating directly to the competency—that is, the admissibility—of the evidence, and was for the determination of the court alone. Sections 3440 and 3441 of the Code of Civil Procedure provide:

"Sec. 3440. All questions of fact, where the trial is by jury, other than those mentioned in the next section, are to be decided by the jury, and all evidence thereon is to be addressed to them, except when otherwise provided by this Code.

"Sec. 3441. All questions of law, including the admissibility of testimony, *the facts preliminary to such admission,* and the construction of statutes and other writings, and other rules of evidence, are to be decided by the court, and all discussions of law addressed to it. * * * "

These statutes are alike applicable to civil and criminal cases, but appear to have been overlooked, not only in the trial of this case, but also by counsel in preparing their briefs. Under section 3441 above, the jury had nothing whatever to do with determining the admissibility of the confessions. That question the court should have decided, and, in doing so, should have determined the questions of fact surrounding the making of the confessions and applied the law applicable thereto. (*Territory* v. *McClin,* 1 Mont. 394; *Territory* v. *Underwood,* 8 Mont. 131, 19 Pac. 398.)

In *State* v. *Tighe,* 27 Mont. 327, 71 Pac. 3, this court appears to have overlooked the decisions in the *McClin* and *Underwood Cases.* While those early cases were decided long before the adoption of our present Code, and at a time when we had no statute upon the subject now under discussion, they announce the doctrine which has always prevailed in many of the states, even in the absence of statute. While the decision in the *Tighe Case,* coming much later, might be considered by some as overruling those early decisions, even though they are not mentioned, still that result cannot be reached when recourse is had to section 3441 above, which states in no uncertain terms the rule

as announced in those early cases. The Code establishes the law of this state, which cannot be deemed to be set aside by implication by a decision of this court. We must conclude, therefore, that section 3441 above was overlooked in deciding the *Tighe Case*, and that, in so far as the decision in that case conflicts with section 3441, it is not authority.

We do not mean to say, however, that such examination touching the admissibility of the confessions should have been conducted without the hearing of the jury. The action of the trial court in passing upon the admissibility of such confessions is subject to review by this court, and, in order that such review may be had, the testimony so taken must be brought here for review, and, in order that that may be done, the evidence for review must be evidence taken at the trial of the cause, and under our system we cannot conceive of the actual trial of one accused of a felony proceeding without a jury. We therefore decline to examine the testimony brought here in the transcript which purports to have been taken before the court sitting without a jury. .

Furthermore, if, after hearing the evidence, the court decides that the confessions are admissible, the jury are not absolutely bound to believe the facts narrated in the confessions, but may give to them such weight as they deem proper; and, in determining the weight to be given to them, they may consider all the circumstances under which such confessions were made, including the age of the defendant, the fact—if it is a fact—that he was under arrest or detained at the time they were made, the statements, if any, made to him at the time, and, in fact, all the attending circumstances, and therefore it is necessary that the jury should hear the evidence touching the making of such confessions, although it is addressed primarily to the court.

Under this view of the case the trial court properly refused to give defendant's requested instruction No. 2, and, for the same reason, erred in submitting to the jury the question of the admissibility in evidence of the confessions of the defendant.

It is apparent, however, from the record of this case that the trial court entertained the view that, in order for such confessions to be inadmissible, they must have been procured by inducements held out to the defendant by some one in authority; and, while this view finds support in the decisions of some courts, it does not appear to be supported by the weight of the authorities, nor by the better reasoning as it appears to us.

The only reason for excluding a confession in any event is, that the circumstances under which it was made disclose that the confession was prompted by some inducement—whether of hope or fear—sufficient to induce a reasonable person, under the circumstances of the confessing party, to make such confession without regard to its truth or falsity. In other words, if the circumstances are such as that the prospect of bettering his situation by speaking even falsely would appeal to the confessing party, as a reasonable person, as the better alternative to remaining quiet, then the confession ought not to be received; and it is, therefore, immaterial whether the confession was actually made in response to inducements held out by an officer or by some third person in the presence of the officer; for any reasonable person would naturally presume that an inducement held out in the presence of an officer, and not repudiated by him, received such officer's sanction or approval.

While we do not approve of all that is said in *Territory* v. *McClin,* or in *Territory* v. *Underwood,* above, we do agree with the result reached in each case, and, with the limitations which we have suggested, agree with the following portion of the opinion taken from the *McClin Case*: ''In regard to the person by whom the inducements were offered, it is very clear that, if they were offered by the prosecutor, or by an officer having the prisoner in custody, or by a magistrate, or, indeed, by one having authority over him or over the prosecution itself, or by a private person in the presence of one in authority, the confession will not be deemed voluntary and will be rejected.''

Under this view of the case the testimony of the father of the defendant, as to certain statements made by him to the defendant in the presence of the officers, which statements, it is contended, operated as an inducement to the defendant to make the confessions, should have been considered by the court in determining whether the confessions were induced under such circumstances as would exclude them; and, if then the confessions were admitted, such statements might be considered by the jury along with other testimony in determining the weight to be given to such confessions. If, in submitting to the jury the question of the admissibility in evidence of the confessions, the court had been pursuing the proper course—which it did not— still, in excluding from the jury, by the instructions complained of, the testimony of the father of the defendant as to the statements made by him, the defendant was prejudiced.

The principle of law which rejects a confession made by one accused of crime, when made under circumstances which indicate that some inducement was held out to the accused which would be sufficient to induce a reasonable person, in a like situation, to speak out regardless of the truth or falsity of his statement, rather than remain silent, is based upon the unreliability of such testimony—the probability of the statements being untrue. The principle itself had its origin in a spirit of consideration shown to accused persons, and is the expression of a natural reaction from the harshness and rigor prevailing in the administration of the criminal law a century and more ago. A confession belongs merely to a class of admissions, consisting, generally speaking, of a direct acknowledgment of guilt by one charged with a crime, and, because of the danger of its untrustworthiness, is governed by a special rule applicable only, however, to its admissibility, and, when that rule is satisfied, it is to be treated as any other admission. These principles have been generally accepted; but the confusion has arisen from an apparent effort on the part of courts to establish a hard and fast rule for defining the test by which the admissibility of confessions is to be governed. Manifestly this could not be done,

for the reason that every case must be governed by its own surrounding facts and circumstances. The only fair test, if such it can be called, which can be applied is this: Was the inducement held out to the accused such as that there is any fair risk of a false confession? For the object of the rule is not to exclude a confession of the truth, but to avoid the possibility of a confession of guilt from one who is in fact innocent.

In their desire to get away from the ancient doctrine that a confession by the accused would be received even though procured by torture, many of the courts have gone to the opposite extreme, and have held that any threat or promise made, any fear engendered in the mind of the accused, or any hope of bettering his condition held out to him, however slight, would exclude a confession made in consequence thereof, irrespective of the question whether in fact such threat, promise, fear, or hope could, or in all human probability did, influence the accused to make a false confession. And so we find many instances wherein courts have simply sacrificed justice and common sense upon the altar of mere sentimentality. It is unnecessary here to review the decisions in the cases cited by appellant. Those cases, together with the cases and other authorities cited by the attorney general, fairly illustrate the great difference of opinion which has prevailed. It is worthy of note, however, that there appears to be a tendency now manifested quite generally to apply the principles here mentioned. In 1 Wigmore on Evidence, Chapter XXVIII, the entire subject is treated and the cases cited.

Certain testimony was introduced by the state as to statements made by the defendant respecting a certain mask. A motion was made to strike out the testimony, but the motion was denied. While we doubt very much whether the defendant could have been prejudiced, the evidence appears to be irrelevant and immaterial, and these are sufficient reasons for its exclusion.

For the reasons here given, the judgment and order are reversed, and the cause is remanded, with directions to the district court to grant the defendant a new trial.

*Reversed and remanded.*

MR. JUSTICE SMITH concurs.

MR. CHIEF JUSTICE BRANTLY: I concur in the result.