STATE, RESPONDENT, *v.* LAWSON, APPELLANT.

(No. 3,014.)

(Submitted January 16, 1912. Decided January 20, 1912.)

[120 Pac. 808.]

*Criminal Law—Grand Larceny—Accomplices—Corroboration—*
*Evidence—Insufficiency.*

Criminal Law—Accomplices—Evidence—Corroboration Necessary.
　　1.　Under section 9290, Revised Codes, one accused of crime may
　　not be convicted on the testimony of an accomplice unless the
　　latter is corroborated by evidence from an independent source which
　　in itself tends to connect the defendant with its commission.

Same—Evidence—Insufficiency.
　　2.　Evidence offered by the state in support of a charge of grand
　　larceny, independently of that given by an accomplice, who subse-
　　quently made an affidavit confessing that she had committed perjury
　　in testifying against defendant, *held,* insufficient to sustain a con-
　　viction.

Same—Conviction—Evidence Necessary.
　　3.　A conviction can only be sustained when the evidence of ac-
　　cused's guilt is so strong and convincing that it may be said to
　　point to him as the guilty person beyond a reasonable doubt.

*Appeal from District Court, Cascade County; H. H. Ewing,*
*Judge.*

H. LAWSON was convicted of grand larceny, and appealed
from an order denying him a new trial. Reversed and re-
manded.

*Mr. Geo. A. Judson,* and *Mr. A. H. Gray,* for Appellant,
submitted a brief. Oral argument by *Mr. Gray.*

It is an elementary principle of criminal law that a defendant
cannot be convicted upon the testimony of an accomplice unless
corroborated by other testimony which in itself and without the
aid of the testimony of accomplices tends directly to connect
defendant with the crime. (Rev. Codes, sec. 9290; *State* v.
*Geddes,* 22 Mont. 68, 55 Pac. 919; *State* v. *Spencer,* 15 Utah, 149,
49 Pac. 302; *People* v. *Plath,* 100 N. Y. 590, 53 Am. Rep. 236,
3 N. E. 790.)

The testimony of the accomplices in this case was evidently given under promise of immunity from the prosecuting attorney, for the cases against both were dismissed on the day they testified, and the self-confessed robbers allowed to go free. No greater incentive could be thrown out for one who was in such a position, and under no circumstances could a fair-minded man draw any other logical conclusion. Judge O'Brien in the case of *People v. Patrick,* 182 N. Y. 184, 74 N. E. 843, speaking of the testimony of the accomplice Jones, said: "Jones was evidently testifying under a promise of immunity from the public prosecutor, and although he denied that as a witness upon the stand, no fair man can doubt, from the circumstances, that such a promise was made." (See, also, *State* v. *Spotted Hawk,* 22 Mont. 33, 55 Pac. 1026; *State* v. *Welch,* 22 Mont. 98, 55 Pac. 930; *People* v. *Koening,* 99 Cal. 574, 34 Pac. 238; *People* v. *Compton,* 123 Cal. 403, 56 Pac. 44.) Equally well established is the proposition that one accomplice cannot corroborate another accomplice. (*State* v. *Spotted Hawk,* 22 Mont. 33, 55 Pac. 1026; *People* v. *Creegan,* 121 Cal. 554, 53 Pac. 1082.)

*Mr. Albert J. Galen,* Attorney General, and *Mr. W. H. Poorman,* Assistant Attorney General, for Respondent, submitted a brief; *Mr. Poorman* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The defendant was convicted of the crime of grand larceny and appeals from an order denying him a new trial.

On January 17, 1911, Laura Kirkendall committed the crime of grand larceny by taking some $200 from the person of one Lester or Nestor Hill, at Sand Coulee. The theory of the state was that this defendant and Laura Kirkendall were jointly concerned in the commission of the crime, and they were informed against by one information. At the time of the trial the charge was dismissed as against the Kirkendall woman and she was called as the chief witness for the state. Upon the witness-stand

she confessed to the commission of the crime, but stated that the defendant Lawson advised or directed her to take the money. Assuming that the defendant was concerned in the commission of the crime, this witness was an accomplice. Section 9290, Revised Codes, provides: "A conviction cannot be had on the testimony of an accomplice, unless he is corroborated by other evidence, which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient, if it merely shows the commission of the offense, or the circumstances thereof." That statute has been in force in this state for many years, was construed in *State* v. *Geddes,* 22 Mont. 68, [1]   55 Pac. 919, and the construction then placed upon it has been recognized as correct ever since. Mr. Justice Hunt, speaking for the court, in that case said: "It is settled in this state, by the statute just quoted, that the corroboration must be evidence from an independent source and it must be such that this independent evidence in itself, without considering the testimony of the accomplices at all, tends to connect the defendant with the commission of the crime charged. Furthermore, it is not a satisfaction of the statute to corroborate an accomplice upon immaterial matters, or to prove merely that the crime charged has been committed, or the circumstances under which it has been committed; for there may be all such proof, and yet the additional essential evidence be lacking, which, independently of the evidence of the accomplice, leads to the inference that the defendant is connected in a criminal way with the commission of the crime. The statute is conformable to the rule laid down by Roscoe on Criminal Evidence, page 122: 'That there should be some fact deposed to, independently altogether of the evidence of the accomplice, which taken by itself leads to the inference, not only that the crime has been committed, but that the prisoner is implicated in it.' "

1. The first contention of this appellant is that the evidence offered by the state, independently of that given by the accomplice, is insufficient to tend to connect him with the commission

of the crime or to meet the requirements of the statute as expounded in the *Geddes Case* above. If we disregard the [2] testimony of the accomplice, there is not any direct evidence against the defendant, and the circumstances to which other witnesses testified are so vague and intangible that we think it cannot be said that they tend in any manner to point to this defendant as in any way connected with the commission of the offense.

2. But there is a stronger reason, in our opinion, why a new trial should have been granted. The testimony of the witness Laura Kirkendall was absolutely indispensable to a conviction. Without it there was not any substantial evidence of defendant's guilt. Upon the trial of this case she was contradicted in many particulars by other witnesses for the state, and after reading her testimony as a whole, one is impelled to the conclusion that if any part of it is true, it is that portion found in the conclusion of her cross-examination, as follows: "I had been drinking a lot both in Great Falls and at Sand Coulee, and had drank so much that I don't remember what I was doing. I don't remember what the room looked like that we were in at Sand Coulee. I had been drinking so much at the time that I could not be sure now as to just what did happen and do not know just what did happen in Sand Coulee or how these events occurred." After the defendant had been convicted, this same witness, Laura Kirkendall, made affidavit in support of his motion for new trial, in which she stated that the testimony given by her upon the trial, in so far as it tended in any way to connect the defendant with the commission of the crime, was absolutely untrue. She makes some attempt at explanation of her conduct upon the trial, but that need not be considered here. Suffice it to say, the conviction as it now stands may well be said to rest solely upon the testimony of a self-confessed perjurer.

In view of the requirements of our statute that a conviction in a criminal case can only be had when the evidence of defendant's guilt is so strong and convincing that it may be

said to point to the defendant as the guilty party beyond a **[3]** reasonable doubt, it would seem almost a travesty upon justice to sustain a conviction under the circumstances presented in this case. This view is sustained by the criminal court of appeals of Oklahoma, in *Chappell* v. *State,* 119 Pac. 139, in which the facts are almost identical with those in the case at bar.

The order is reversed, and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.