STATE, Respondent, *v.* SMITH, Appellant.

(No. 5,181.)

(Submitted November 28, 1922.   Decided December 18, 1922.)

[211 Pac. 208.]

*Criminal Law—Extrajudicial Confessions—Corpus Delicti—Evidence—Insufficiency.*

Criminal Law—Uncorroborated Extrajudicial Confession—Insufficiency of Evidence.

  1.   Where in a prosecution for selling mortgaged livestock the only evidence tending to prove that a crime had been committed or tending to connect defendant with the crime charged consisted of a declaration by defendant, made out of court, to the effect that he had owned the cattle at the time he gave the mortgage but had sold them from time to time to city markets, it was insufficient to warrant conviction and the court erred in denying a new trial.

Same—*Corpus Delicti*—Extrajudicial Confession—When Insufficient.

  2.   An extrajudicial confession does not warrant conviction unless corroborated by independent evidence of the *corpus delicti, i. e.,* that a crime has been committed.

*Appeals from District Court, Missoula County; Asa L. Duncan, Judge.*

Charles A. Smith was convicted of selling mortgaged personal property without the consent of the mortgagee, and appeals from the judgment and the order refusing him a new trial.   Reversed and remanded for new trial.

Cause submitted on brief of Appellant.

*Messrs. Russell, Madeen & Clarke,* for Appellant.

Citing: Wharton's Criminal Evidence, 9th ed., secs. 632, 633; *People* v. *Tugwell,* 32 Cal. App. 520, 163 Pac. 508; *Mathews* v. *State,* 55 Ala. 187, 28 Am. Rep. 698; *Stringfellow* v. *State,* 26 Miss. 157, 59 Am. Dec. 247; *State* v. *German,* 54 Mo. 526, 14 Am. Rep. 481; *Smith* v. *State,* 17 Neb. 358, 22 N. W. 780; *People* v. *Lane,* 49 Mich. 340, 13 N. W. 622;

---

2.   Proof of *corpus delicti* in criminal case, in general, see notes in 78 Am. Dec. 252; 1 Ann. Cas. 823; 68 L. R. A. 33.

[65 Mont. 458.]

*People* v. *Hennessey,* 15 Wend. (N. Y.) 147; *Knapp* v. *State,* 25 Ohio C. C. 571; *Commonwealth* v. *Hanlon,* 3 Brewst. (Pa.) 461; *Tyner* v. *State,* 5 Humph. (Tenn.) 383; *Brady* v. *State,* 32 Tex. Cr. 264, 22 S. E. 924; *Smith* v. *Commonwealth,* 21 Gratt. (Va.) 809.; *State* v. *Marsalle,* 43 Wash. 273, 86 Pac. 586.

## Opinion: PER CURIAM.

The defendant was convicted of selling mortgaged personal property (cattle) without the consent of the mortgagee, and appealed from the judgment and from an order denying his motion for a new trial.

There is not in the record a scintilla of evidence tending to [1]   prove that a crime had been committed or tending to connect defendant with the crime charged in the information, except a declaration by the defendant, made out of court, to the effect that he had owned the cattle at the time he gave the mortgage but had sold them from time to time to markets in the city of Missoula.

That the trial court erred in refusing to grant a new trial is confessed by the attorney general, and upon no admissible view of the case could the ruling be defended.

The principle is recognized by practically all of the author- [2]   ities that an extrajudicial confession does not warrant a conviction unless it is corroborated by independent evidence of the *corpus delicti.* Decided cases almost without number sustaining this rule will be found cited in 16 C. J. 736. The rule was adverted to approvingly by this court in *Territory* v. *Mc-Clin,* 1 Mont. 394, and reiterated in *Territory* v. *Farrell,* 6 Mont. 12, 9 Pac. 536.

The terms "*corpus delicti*" mean literally the body or substance of the crime. In the sense in which they are employed in the rule above they mean that a crime has been committed. (*State* v. *Nordall,* 38 Mont. 327, 99 Pac. 960.) The reason which prompted the rule has been stated so often that a reference to the authorities above will suffice here.

The evidence is insufficient to sustain the verdict, and for this reason alone the judgment and order are reversed, and the cause is remanded to the district court of Missoula county for a new trial.

*Reversed and remanded.*