STATE, RESPONDENT, *v.* COBB, APPELLANT.

(No. 5,896.)

(Submitted March 22, 1926. Decided March 29, 1926.)

[245 Pac. 265.]

*Criminal Law—Grand Larceny—Accomplices—Corroboration— Rule—Evidence—Sufficiency.*

Criminal Law—Accomplices—Evidence—Corroboration—Rule.
　　1.　The corroborating evidence without which a defendant cannot be convicted on the testimony of an accomplice, under section 11988, Revised Codes of 1921, may be supplied by the defendant or his witnesses; may be circumstantial; need not extend to every fact to which the accomplice testifies; need not be sufficient to justify a conviction or to establish a *prima facie* case of guilt, or to connect the defendant with the commission of the crime, it being sufficient if it tends to do so, and whether it tends to do so is a question of law, the weight of the evidence—its efficacy to fortify the testimony of the accomplice and render his story trustworthy—being a matter for the consideration of the jury.

Same — Grand Larceny — Accomplices — Corroborating Testimony Held Sufficient.
　　2.　Evidence in a prosecution for the larceny of horses, corroborative of the testimony of two accomplices, examined and *held* sufficient as tending to connect defendant with the commission of the offense, and therefore sufficient to sustain his conviction under section 11988 above.

---

　　[1]　Criminal Law, 16 **C. J.**, sec. 1433, p. 701, n. 22; sec. 1434, p. 701, n. 25, sec. 1438, p. 704, n. 35; sec. 1439, p. 705, n. 40, 41; sec. 1455, p. 710, n. 14; sec. 1457, p. 711, n. 21, 21 New, 23; sec. 1459, p. 713, n. 32; p. 714, n. 34; sec. 2288, p. 928, n. 76, 81.
　　[2]　Criminal Law, 16 **C. J.**, sec. 1458, p 712, n. 30.

　　1.　Corroborative evidence, see notes in 98 **Am. St. Rep.** 170. See, also, 1 **R. C. L.** 171.

*Appeal from District Court, Prairie County; Stanley E. Felt, Judge.*

JOE COBB, was convicted of grand larceny and appeals from the judgment. Affirmed.

*Messrs. Hurley & O'Neil,* for Appellant, submitted a brief; *Mr. C. C. Hurley* argued the cause orally.

*Mr. L. A. Foot,* Attorney General, and *Mr. I. W. Choate,* Assistant Attorney General, for the State, submitted a brief; *Mr. Choate* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This appeal by the defendant from a judgment of conviction of grand larceny and from an order denying him a new trial presents only one question for determination: Is the evidence sufficient to sustain the verdict?

The record discloses that Cobb, the defendant, and Arthur Parsons operated a horse ranch in eastern Montana, and owned range horses bearing the "44" brand. Cobb acted as foreman or manager of the business, employed the help, and directed the operations. In April, 1925, Cobb employed J. A. Boyd to assist in rounding up horses for the market, and in that capacity Boyd worked until about July 12, 1925. During that period Boyd, Cobb and Parsons entered into a conspiracy to gather from the range other horses found running there, and not the property of the conspirators, ship them out of the state, and sell them. These horses are referred to by the witnesses as "strays." In the execution of this scheme Boyd, Cobb and Parsons gathered from the range about a carload of these "strays," which, with a large number of "44" horses, they drove to the railroad at Saugus, where they arrived about July 1 or 2. Two carloads of "44" horses were sold to Henry Leibie, and, on the morning of

July 13, 1923, the under-sheriff of Prairie county was called upon to inspect these horses for Leibie. At the same time Cobb requested the officer to inspect for him a third carload of "44" horses, and this was done. After the inspection had been completed, the certificates issued and the under-sheriff had left Saugus, Boyd, Cobb and Parsons substituted the carload of "strays" for the carload of "44" horses which Cobb had had inspected, and this carload of "strays" was shipped to Dale, Wisconsin, under an agreement between Boyd and Cobb that Boyd should have the proceeds as payment of the wages due him. Boyd accompanied the shipment and later was arrested at Dale and returned to this state. Among the "strays" so shipped was a mare belonging to L. F. Maves, for the larceny of which Cobb was convicted.

It could not be questioned that the evidence is ample to sustain the verdict, if the testimony given by Boyd and Parsons, who testified for the State, were entitled to the same [1] consideration as the testimony of other witnesses. But Boyd and Parsons were admittedly accomplices, and section 11988, Revised Codes of 1921, declares: "A conviction cannot be had on the testimony of an accomplice, unless he is corroborated by other evidence, which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient, if it merely shows the commission of the offense, or the circumstances thereof."

The history of this rule, now crystallized in statutory form, is discussed at length in 4 Wigmore on Evidence (second edition), sections 2056–2059, and further reference to it need not be made here. The statute has been considered by this court in *State* v. *Ritz,* 65 Mont. 180, 211 Pac. 298; *State* v. *Bolton,* 65 Mont. 74, 212 Pac. 504; *State* v. *Slothower,* 56 Mont. 230, 182 Pac. 270; *State* v. *Larson,* 44 Mont. 488, 120 Pac. 808; *State* v. *Stevenson,* 26 Mont. 332, 67 Pac. 1001; *State* v. *Calder,* 23 Mont. 504, 59 Pac. 903; *State* v. *Geddes,* 22 Mont. 68, 55

Pac. 919; and from these decisions the following general rules are deducible:

(a) The corroborating evidence may be supplied by the defendant or his witnesses.

(b) It need not be direct evidence—it may be circumstantial.

(c) It need not extend to every fact to which the accomplice testifies.

(d) It need not be sufficient to justify a conviction or to establish a *prima facie* case of guilt.

(e) It need not be sufficient to connect the defendant with the commission of the crime; it is sufficient if it *tends* to do so.

(f) Whether the corroborating evidence tends to connect the defendant with the commission of the offense is a question of law, but the weight of the evidence—its efficacy to fortify the testimony of the accomplice and render his story trustworthy—is a matter for the consideration of the jury.

Independently of the testimony of Boyd and Parsons, the [2] record discloses facts and circumstances from which the jury might reasonably find that on July 12, 1925, at Saugus, Montana, Cobb, Boyd and Parsons were in possession and control of a large number of "44" horses and a carload of "strays"; that Cobb then offered to sell the "strays" to Leibie, and said that he thought he could get by the inspection in some manner, but Leibie refused the offer. On July 13, when Leibie had the under-sheriff inspect the two carloads of "44" horses which he had purchased, Cobb also requested the officer to inspect a carload of "44" horses for him. Cobb was present at Saugus when these horses were inspected, and was in the company of Boyd and Parsons during that day until after the under-sheriff left Saugus. After the officer left, Leibie's horses were loaded and shipped, and at that time a third carload of horses was loaded and shipped, leaving from twenty to twenty-five head of "44" horses in the pens. On July 14, Leibie and Cobb met at Miles City, and, in reply to Leibie's inquiry how he (Cobb) got by with the

"strays." Cobb replied, "Fine and dandy," that they did not have any trouble. Later in July, twenty-four "strays," including the mare belonging to Maves, were found at Dale, Wisconsin, from which place Boyd was returned to this state.

No useful purpose would be served by analyzing or discussing this evidence. From the very nature of the case there cannot be any fixed standard by which to determine whether certain evidence does, or does not, tend to connect an accused person with the commission of the offense of which he is accused. In our judgment, the corroborating evidence, narrated above meets the requirements of the statute. (*Commonwealth* v. *Snow*, 111 Mass. 411; *Snoddy* v. *State*, 75 Ala. 23.)

The judgment is affirmed.

*'Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, STARK and MATTHEW concur.