STATE, Respondent, *v.* DURAN, Appellant.

No. 9288.

Submitted May 26, 1953. Decided July 30, 1953.

259 Pac. (2d) 1051.

Mr. Justice Angstman dissented.

Mr. William G. Mouat and Mr. Lee Overfelt, Billings, for appellant.

Mr. Arnold H. Olsen, Atty. Gen., Mr. William F. Crowley, Asst. Atty. Gen., Mr. Arnold A. Berger, Co. Atty., and Mr. Joseph E. Buley, Deputy Co. Atty., Billings, for respondent.

Mr. Mouat, Mr. Overfelt, Mr. Crowley and Mr. Buley argued orally.

## MR. JUSTICE FREEBOURN:

Fred Duran was convicted of the crime of burglary in the first degree. The jury fixed his punishment at one year in the state's prison; and from the judgment, following such conviction, he appeals.

The information charged that defendant, in the nighttime and with intent to commit larceny, entered a "ton and a half (1½) International truck." The evidence indicates such truck was an open, stake body truck with a cab, the doors of which were unlocked. The opening of one door of the cab and removal therefrom of two boxes containing bolts, nuts and some tools make the offense charged.

Upon commencement of the trial defendant moved "the court to dismiss the information" because it did not charge the defendant had entered such object necessary, as described by the statute, to make the entry burglary. This motion was overruled by the trial court.

R. C. M., sec. 94-901, as amended by Chapter 126, sec. 1, Laws of 1949, defines burglary as follows: "Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse, or other building, tent, automobile, vessel or railroad car, with intent to commit grand or petit larceny or any felony, is guilty of burglary."

In denying the motion to dismiss, the trial court took the view that the word "truck" as alleged in the information was included in the word "automobile" as set out in section 94-901, supra.

The legislature of Montana has recognized the automobile and auto truck as different and distinct motor vehicles and treats them as such.

R. C. M. 1947, sec. 53-104, provides: "The word 'motor vehicle' as used in this act or any of the sections of this act shall be deemed to include trailers, semi-trailers, automobiles, auto trucks, motorcycles, cycle motors, and all other vehicles propelled by their own power, used upon the public highways of the state, excepting steam or gas tractors."

R. C. M. 1947, sec. 53-107, provide: "* * * (c) The term 'motor vehicle' includes automobile, truck, motorcycle, semi-trailer, trailer, and trailer-house."

"It is quite apparent that the Legislature [in a statute providing for registration of automobiles and fixing fees] intended to recognize and deal with two distinct classifications of motor propelled vehicles. One, the automobile as commonly known, and associated always with ideas of rapidity of movement and physical comfort; second, the truck, quite generally associated with the ideas of strength, weight, carrying capacity, slow speed, and consequent extra road wear." Hemlock 6400 Tire Co. v. McLemore, 151 Tenn. 99, 268 S. W. 116, 117.

The legislature having made it clear that an automobile and truck are to be considered two distinct and separate vehicles for registration and tax purposes, it does not make sense to hold that the legislature intended, in making entry into an automobile burglary, to have intended the word "automobile" as a general term, and to include automobiles, trucks, busses and the like. Had the legislature intended to use a general term, it would have used the term "motor vehicles." Certainly no interpretation should be given any word which would make an act a crime unless it is clear that the legislature intended that interpretation

236

should be given such word. See. H. Earl Clack Co. v. Public Service Commission, 94 Mont. 488, 22 Pac. (2d) 1056.

In convicting the defendant the state had to rely upon the ▆ testimony of an accomplice and the purported confession of defendant, which went into evidence over the objection that such confession was not voluntary, but secured through inducement and offer of leniency. Without such confession the evidence is insufficient to sustain the conviction for there was no other evidence which corroborated that of the accomplice sufficient to meet the requirements of R. C. M. 1947, sec. 94-7220, which provides: ''A conviction cannot be had on the testimony of an accomplice, unless he is corroborated by other evidence, which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient, if it merely shows the commission of the offense, or the circumstances thereof.'' State v. Geddes, 22 Mont. 68, 55 Pac. 919; See State v. McCarthy, 36 Mont. 226, 92 Pac. 521; State v. Lawson, 44 Mont. 488, 120 Pac. 808; State v. Cobb, 76 Mont. 89, 245 Pac. 265.

The evidence indicates that defendant and two boys, Dave Luckey and Bob Zurawski, were together at the time and place of the alleged burglary. Bob Zurawski did not testify. Dave Luckey, sixteen years of age, testified on direct examination that:

''A. I didn't see him [Duran] get in the truck, but I heard the door open and shut.

''Q. Did you see him in the cab while you were in the back of the truck? A. No, I was up on top, I couldn't see.

''Q. Did you hear him in the cab of the truck? A. Yes. * * * He said he got a tool-box.''

On cross-examination Luckey testified:

''Q. Did you make a statement to the probation officer on or about December 1, 1952, in connection with this matter? A. Yes, I think so.

''Q. In that statement, did you say anything about Fred Duran taking anything off the truck? A. I don't think so. * * *

"Q. Could it be possible that it was Bobby Zurawski who took those tool-boxes and put them in the car, if he was already there, could it be possible? A. Could have. * * *

"Q. And could it be Bobby Zurawski that went into the cab of the truck, in all fairness? A. Could have, yes."

Mrs. Eunice Zurawski, called as a witness for the defense, testified that the county attorney promised to drop a prior conviction charge against defendant if he would plead guilty to the burglary charge. She communicated this promise to defendant in the county jail. She testified on direct:

"He [the county attorney] told me if I talked Fred into pleading guilty to the burglary charge, that they would take the prior conviction off, and they had said he would get ten years for the prior conviction. * * *

"Q. And did you communicate that information to Fred Duran? A. I did.

"Q. And that was before he signed the so-called statement [confession]? A. I don't know for sure whether it was or not, but I think it was.

"Q. Where was Fred when you communicated this to him? A. In the jail. * * * In the county jail."

Under cross-examination by the county attorney she testified: "A. You didn't say for sure, if I remember right, that you would drop it, but you said if he would plead guilty to the burglary charge, the burglary charge, you would drop the prior conviction." The county attorney did not deny any statement made by Mrs. Zurawski.

The defendant testified: That Mrs. Zurawski communicated the county attorney's offer to him while he was in jail, and that it was an inducement to sign the confession;

"* * * when I was told that that prior conviction would be taken off and all this other charges dropped, why, I didn't think it would be so hard if I did plead guilty.

"Q. Well, did you understand you were pleading guilty by signing that statement? A. Yes."

Defendant further testified that a deputy sheriff told him

other alleged charges would be dropped, "if I signed the statement saying that I took thoese two tool-boxes * * *." The deputy sheriff denied making any promise to drop other charges; he did testify, however, "I have got a whole lot of stuff and I told him [defendant] we were going to file on one charge only, to eliminate all the rest of them."

The record discloses that a prior conviction charge was, in fact, dropped. It shows: "Court: Well, the court will take judicial notice of that fact, that the charge of prior conviction was dismissed, and a new information was filed * * *." Nothing in the record indicates any reason for dropping the prior conviction charge other than appears from the testimony quoted.

The only reasonable conclusion that can be drawn from the ▉▉▉ evidence is that defendant was promised a benefit if he would admit his guilt of the crime charged. The promised benefit, made by the county attorney to Mrs. Zurawski, who communicated it to the defendant while in jail, was the dropping of a prior conviction charge, which promise was in fact kept. Under the law and facts the said statement or confession was not properly admissible in evidence and its admission was error.

State v. Crighton, 97 Mont. 387, 34 Pac. (2d) 511, 514, lays down the rule, wherein it is said: "The authorities on the subject are well summarized in 15 C. J. 717: 'A confession of guilt by accused is admissible against him when and only when, it was freely and voluntarily made without having been induced by the expectation of any promised benefit nor by the fear of any threatened injury'."

In Territory v. Underwood, 8 Mont. 131, 19 Pac. 398, 400, it was said: "In this case, the officer who had the prisoner under arrest tells him 'it would be better for him to go back and tell Captain Plummer all about it; that he thought he would withdraw it, or ease it as light as he possibly could; that he thought that Captain Plummer would help him out of it if he would give his evidence against the other two, for the very reason that Plummer had told Kelly he would do so. And he thought he would do so for Underwood.' These promises were certainly in-

ducements that clearly vitiate the confession of the prisoner."

"In other words, if the circumstances are such as that the prospect of bettering his situation by, speaking even falsely would appeal to the confessing party, as a reasonable person, as the better alternative to remaining quiet, then the confession ought not to be received; and it is therefore immaterial whether the confession was actually made in response to inducements held out by an officer or by some third person in the presence of the officer, for any reasonable person would naturally presume that an inducement held out in the presence of an officer, and not repudiated by him, received such officer's sanction or approval." State v. Sherman, 35 Mont. 512, 90 Pac. 981, 983, 119 Am. St. Rep. 869.

Without such confession the evidence of the state is wholly insufficient to sustain a conviction.

For the reasons stated the cause is remanded to the district court with directions to dismiss the information.

MR. CHIEF JUSTICE ADAIR and MR. JUSTICE BOTTOMLY, concur.

MR. JUSTICE ANDERSON (specially concurring):

It is my judgment that the term "automobile," which is a generic term, is sufficiently broad to include all forms of self-propelling vehicles for use on highways and streets. Unless the legislature clearly limits the meaning of a word, it should be given the interpretation which is inclusive of the common use to which it is given by people generally. 4 Words and Phrases, Automobiles, p. 855. R. C. M. 1947, sec. 19-102.

The fact that the legislature has made use of the word in other statutes in no way delimits its meaning so far as the Act here in question is involved.

I concur in the other points touched upon in the majority opinion, but it is my opinion that the cause should be reversed without directions to dismiss the information, thus leaving the disposition of the cause with those persons more closely associated with it.

MR. JUSTICE ANGSTMAN (dissenting) :

In my opinion the word "automobile" as used in R. C. M. 1947, sec. 94-901, as amended by Chapter 126, Laws of 1949, is sufficiently broad to include a "truck," and the district judge properly so held. The fact that a truck is classed differently from an automobile for purposes of taxation does not militate against this view.

"A word or phrase may have different meanings as it is employed in different connections (Barnes v. Montana Lumber & Hardware Co., 67 Mont. 481, 216 Pac. 335), and the particular meaning to be attached to it in a given statute or constitutional provision is to be measured and controlled by the connection in which it is employed, the evident purpose of the act, and the subject to which it relates. Northern Pac. Ry. Co. v. Sanders County, 66 Mont. 608, 214 Pac. 596." Thaanum v. Bynum Irrigation District, 72 Mont. 221, 232 Pac. 528, 530. And see Crow Creek Irrigation District v. Crittenden, 71 Mont. 66, 227 Pac. 63.

The courts generally hold that the word "automobile" as used in various statutes includes a truck. Kellaher v. City of Portland, 57 Or. 575, 110 Pac. 492, 112 Pac. 1076; Wiese v. Polzer, 212 Wis. 337, 248 N. W. 113; Bethlehem Motors Corp. v. Flynt, 178 N. C. 399, 100 S. E. 693; Life & Casualty Ins. Co. of Tennessee v. Roland, 45 Ga. App. 467, 165 S. E. 293; American Mut. Liability Ins. Co. v. Chaput, 95 N. H. 200, 60 A. (2d) 118; Hoover v. National Casualty Co., 236 Mo. App. 1093, 162 S. W. (2d) 363; Bradley v. Commonwealth, 288 Ky. 416, 156 S. W. (2d) 469; Koser v. American Cas. Co. of Reading, 162 Pa. Super. 63, 56 A. (2d) 301.

It is folly to suggest that defendant knew it would be a crime to invade a passenger automobile for the purpose of theft, but that he did not or could not know that it was a crime to enter a truck for the same purpose.

It is noteworthy that while defendant made a motion raising this particular point, he has not assigned error on the part of the

court in denying his motion and makes no argument in his brief on this point.

I also disagree with the foregoing opinion so far as it treats of the question of the admissibility of defendant's confession. Where, as here, the evidence aside from the confession is consistent with it and where the inducement held out to defendant was such that there was no fair risk of a false confession, we ought not to hold that the court erred in admitting it. State v. Rossell, 113 Mont. 457, 127 Pac. (2d) 379, and State v. Robuck, 126 Mont. 302, 248 Pac. (2d) 817.

The evidence in the record is consistent with the statements made by defendant in his confession and the record does not suggest that those statements are false or untrue. Defendant was 22 years of age at the time of the trial. He is no stranger to court proceedings of a criminal nature. He admitted that he had previously been convicted of a felony. The crime was committed in company with two boys, one 15 and the other 16 years of age. Defendant drove the car used in the burglary. He drove away with the loot in his car.

A reading of the record convinces me that the court did not abuse its discretion in admitting the confession. Defendant freely admitted that he was not placed in fear when he signed the statement and that he knew the statement would be used against him. The circumstances indicate that the confession is a true and not a false statement of what occurred in connection with the crime.

I think the judgment should be affirmed.