No. 19,868.

THE A. B. TEGLEY HARDWARE COMPANY, *Appellee,* v. THE CONTINENTAL INSURANCE COMPANY, *Appellant.*

### SYLLABUS BY THE COURT.

FIRE INSURANCE—*Misdescription of Premises—Mistake—Reformation of Policy.* Recovery can be had on a fire insurance policy covering merchandise contained in different buildings situated on two adjoining lots, although the property insured is described as being situated on one of the lots, where the evidence shows that the insurance agent and the owner intended to insure the property while in the buildings on either or both of the lots.

Appeal from Jewell district court; RICHARD M. PICKLER, judge. Opinion filed January 8, 1916. Affirmed.

*G. H. Bailey,* of Mankato, *M. A. Fyke,* and *E. L. Snider,* of Kansas City, Mo., for the appellant.

*W. R. Mitchell,* of Mankato, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This was an action to reform a fire insurance policy and to recover thereon. The plaintiff recovered judgment; the defendant appealed.

The policy was issued for $1000 on a stock of merchandise, consisting principally of wagons, buggies, plows and other implements usually kept for sale in hardware and implement houses; also kaffir corn, alfalfa and other seeds, automobiles, and all other goods, wares and merchandise not more hazardous, kept for sale by the insured while contained in a one-story, iron-clad, metal-roofed building and adjoining and communicating additions thereto, while occupied as a buggy and implement warehouse and for other purposes not more hazardous, situated on lot six of block two, in Burr Oak, Kan. The plaintiff was engaged in the hardware business. Its buildings were situated on lots six and seven of block two. The kaffir corn, alfalfa and other seeds kept for sale by the plaintiff were always kept in the building on lot seven. The plaintiff occupied several separate buildings situated on these lots. A fire destroyed the building and contents located on lot seven. The building on lot six extended about five feet over on lot seven. Neither the building on lot six nor the contents thereof was damaged. An automobile was burned. The plaintiff then owned but one. There were no seeds burned, but the other property burned fits the description set out in the policy. The defendant's agent that issued the policy was acquainted with the plaintiff's business, knew the location of the buildings, and knew that the kaffir corn, alfalfa and other seeds were kept and binned on lot seven. The plaintiff believed that the policy covered the property situated on lot seven. He did not read the policy until after the fire. The insurance rate on the contents of the building situated on lot six was $1.21 per hundred, and on lot seven $1.46. The rate paid by the plaintiff was $1.21.

The defendant contends that there was not sufficient evidence to justify the jury in finding that the policy was

intended to cover the property situated on lot seven. The defendant objected to the introduction of certain evidence, demurred to the plaintiff's evidence, and requested certain instructions, all based on the theory that the policy did not cover any property on lot seven. We have examined the evidence and are of the opinion that there was sufficient to justify the court in submitting to the jury the question of whether or not the policy was intended to cover property situated on both lots six and seven. The jury returned a verdict in favor of the plaintiff. That verdict, under the evidence, is conclusive in this court.

The judgment is affirmed.