<hr />

### No. 20,644.

### H. A. LOVETT, *Appellee,* v. THE NATIONAL FIRE INSURANCE COMPANY, *Appellant.*

#### SYLLABUS BY THE COURT.

FIRE INSURANCE — *"Other Insurance" Prohibited — Misdescription of Premises—Mutual Mistake—Loss Recoverable.* In an action on a fire insurance policy covering a barn situated on a farm the defense was, other insurance taken without notice to defendant contrary to the terms of the policy. The evidence showed, and by a general verdict the jury found, that through the mutual mistake of plaintiff and the local agent of the other company a policy was issued covering the barn in question, when it was intended by both parties to renew an expiring policy in the other company on a barn of the plaintiff situated in the city where he resided. *Held,* that the fact that in the application for renewal the plaintiff wrote the description of the property situated on the farm, and after the loss occurred notified the other company and sent a verified proof of loss before he discovered the mistake, would not estop him to show the intention of himself and the company, and the fact that he made proof under the policy would not amount to an election to treat the policy as valid or bar his right to recover from defendant, these facts and circumstances being submitted to the jury to consider with all the evidence in determining the actual intention of the parties when the policy was issued.

Appeal from Greenwood district court; ALLISON T. AYRES, judge. Opinion filed February 10, 1917. Affirmed.

*M. A. Fyke,* and *E. L. Snider,* both of Kansas City, Mo., for the appellant.

*W. S. Marlin, S. F. Wicker,* and *Gordon A. Badger,* all of Eureka, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The action was to recover $1000 upon a fire insurance policy issued by defendant covering a barn on plaintiff's farm in Greenwood county. The sole defense is, other insurance on the same property contrary to a provision in the policy that if there be or be taken other insurance without the company's consent the policy would be void. The plaintiff admits the existence of another policy for $700 fire loss covering the same property issued by the Patrons Fire & Tornado Association, hereinafter referred to as the Patrons company; but he claims that by the mutual mistake of himself and the agent of the Patrons company the second policy was written to describe the barn insured by defendant, when it should have been and was intended to be written to describe another barn owned by him which is situated on his residence property in the city of Eureka. He also admits that after the loss occurred he gave notice of a claim and sent proofs of loss to the Patrons company under its policy; but he contends that this was done before he discovered the mistake in issuing the policy. The jury returned a verdict in plaintiff's favor upon which the court rendered judgment for the amount of the policy and $200 attorneys' fees. The defendant appeals.

There was substantially no conflict in the evidence. Plaintiff lives in Eureka and owns a farm in section 12, township 25, range 11, Greenwood county, on which was situated the barn covered by the policy in this case. The barn described was 40 x 60 feet, and sixteen to eighteen feet to the eaves. It was totally destroyed by fire on April 8, 1915. Plaintiff owned another barn on his town property, upon which the Patrons company had issued a policy covering $700 loss by fire and the same amount by tornado. The policy described a barn 28 x 30 feet, posts twelve feet, cement foundation, in block 23 of Bit-

ler's addition to Eureka. It expired January 25, 1915. In December, 1914, the secretary of the Patrons company in Olathe, Kan., sent to Mr. Wiggins, the local agent at Eureka, notice of the expiration of policy No. 10,044, held by Mr. Lovett, but with no other description save the amount, $1400. Mr. Wiggins called Mr. Lovett by phone and informed him of the notice, asking if he wanted the policy renewed. Lovett said he did, and inquired what property it covered (he had other policies in the same company). The agent was in doubt, and after some discussion they concluded it must be the policy on the farm barn. Both Mr. Wiggins and Mr. Lovett testified that there was no intention to issue any policy except in renewal of the one about to expire. The policy that was issued, however, described a barn 28 x 30 feet, the dimensions of the town barn, but located it on the farm. The written application stated that the insured applied for renewal insurance and previously the Patrons company had no insurance on the farm barn.

There was, in our opinion, abundant evidence to establish plaintiff's claim that the second policy was issued upon the barn at the farm by mistake of the company and himself. The intention of the parties controls. Policies which misdescribe the location or the property are issued frequently, but the courts find little difficulty in reforming the instruments so as to carry into effect the intent of the parties; and what the intent was is generally a question of fact for the jury to determine. (*Hardware Co. v. Insurance Co.*, 97 Kan. 127, 154 Pac. 229.) The fact that in the application to the Patrons company the insured filled in the description of the location of the barn would not estop him to show that he and the company were acting under a mutual mistake as to the policy about to expire. The description of the dimensions of the barn was, it seems, copied from the old policy by some agent of the company. The evidence makes it clear beyond question that the only authority he gave the local agent was to issue a policy covering the property insured in the old policy of the Patrons company. We can not concur in defendant's theory that because the description of the property in the application for the Patrons policy was written by plaintiff, and because the local agent inspected the barn on the farm

before sending in the application and never had his attention directed to the town barn, it follows that the Patrons policy could not be reformed. These matters were merely circumstances for the jury to consider with all the evidence in determining the real intention of the parties; and the court so instructed. If the town barn had been destroyed by fire or tornado plaintiff might upon the same evidence have recovered from the Patrons company notwithstanding their policy described other property. (*Hardware Co. v. Insurance Co.,* supra.)

The defendant requested the court to instruct that if the jury found that plaintiff held a policy in the Patrons company, the validity of which was in question, and thereafter made proof of loss under it, he must be held to have ratified it and to have elected to treat it as in force, and therefore could not recover in this action. The instruction was properly refused. The defendant's position was not affected or changed in the least by plaintiff's attitude after the loss occurred, therefore estoppel can not be relied upon. The matters referred to in the requested instruction were, the court charged, to be taken into consideration by the jury in arriving at the true intention of the parties, which was the controlling question.

We find no error in the instructions, and the verdict and judgment are sustained by the evidence. The judgment will be affirmed.