In re YOT SANG.

(District Court, D. Montana. August 29, 1896.)

CONSTITUTIONAL LAW—EQUAL PROTECTION OF LAWS—LICENSE TAX.

The Montana statute imposing a license tax of $25 per quarter on every laundry business (other than that of a steam laundry) wherein more than one person is employed or engaged, and but $15 per quarter upon steam laundries (Pol. Code, §§ 4079, 4080), is void because it imposes a greater burden upon the one kind of laundry business than upon the other, and thereby denies the equal protection of the laws, contrary to the fourteenth amendment to the federal constitution.

A. C. Botkin, for petitioner.

Henri J. Haskell, Mont. Atty. Gen., and W. D. Gardiner, for respondent.

KNOWLES, District Judge. It appears from the petition of Yot Sang, presented to the court, that he is imprisoned, detained, confined, and restrained of his liberty by one J. H. Jurgens, the sheriff of Lewis and Clarke county, state of Montana; that he is so restrained of his liberty by being confined in the jail of said Lewis and Clarke county; that he is confined and restrained of his liberty by virtue of a writ issued by one C. F. Gage, justice of the peace in and for the township of Helena, in said county and state; that a complaint was filed in the court of said justice of the peace, Gage, charging him, the said Yot Sang, with a misdemeanor defined in section 780 of the Penal Code of Montana, which is as follows:

"Every person who commences or carries on any business, trade, profession, or calling, for the transaction or carrying on of which a license is required by any law of this state without taking out or procuring a license prescribed by such law is guilty of a misdemeanor."

In examining the statute of Montana, I have been unable to find any punishment for this misdemeanor except such as is provided in section 19 of said Penal Code, which is as follows:

"Except in cases where a different punishment is prescribed by this Code every offence declared to be a misdemeanor is punishable by imprisonment in a county jail not exceeding six months or by a fine not exceeding five hundred dollars or both."

It also appears in the petition that said Yot Sang is a male person carrying on the business of conducting a laundry at Helena, Mont., in which more than one person is engaged or employed or kept at work, and that such laundry is not a steam laundry.

Section 4079 of the Political Code of Montana is as follows:

"Every male person engaged in the laundry other than the steam laundry business must pay a license of ten dollars per quarter, provided that, where more than one person is engaged or employed or kept at work, such male person or persons shall pay a license of twenty-five dollars per quarter, which shall be the license for one place of business only."

It also appears that said Yot Sang did not take out a license, as provided by said section 4079.

It is urged in behalf of the petitioner that this last statute is void, as being in violation of the fourteenth amendment to the con-

stitution. Unless it should so appear, there is no doubt but that Yot Sang was liable for the misdemeanor above described. It is set forth in the petition that there are some ten steam laundries in the state of Montana, all of which employ more than one person, and some as many as eight or ten persons. The return of Sheriff Jurgens does not controvert any of the above facts set forth in the petition, save it is denied that there are in Montana ten steam laundries, or any more than two.

Section 4080 of the Political Code of Montana is as follows:

"Every person who carries on a steam laundry must pay a license of fifteen dollars per quarter."

In the fourteenth amendment to the constitution of the United States it is provided that:

"No state shall deny to any person within its jurisdiction the equal protection of the laws."

It is urged that the above statutes show that the state of Montana has not afforded to those carrying on a laundry business other than a steam laundry business the equal protection of the law; that, in fact, it discriminates against one class of laundrymen, and in favor of another class.

In pursuance of the provisions of the above amendment to the constitution, congress enacted the following statute:

"All persons within the jurisdiction have the same right in every state and territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishments, pains, penalties, taxes, licenses and exactions of every kind and no others."

Is it not apparent that a law which requires of one man conducting a laundry business, employing one or more persons, a license of $25, and of another man conducting such a business a license of $15, is subjecting the one to a burden not imposed upon the other?

This fourteenth amendment to the constitution has been considered in several decisions of the supreme court. In the case of Ex parte Virginia, 100 U. S. 339, that court said of that amendment:

"It suffers no other or greater burdens or charges to be laid upon one than such as are equally borne by others."

Again, in considering it, the supreme court, in the case of Barbier v. Connolly, 113 U. S. 27, 31, 5 Sup. Ct. 359, said:

"That no impediment shall be interposed to the pursuits of any one except as applied to the same pursuits by others under like circumstances; that no greater burdens should be laid upon one than are laid upon others in the same calling and condition."

In the case of Yick Wo v. Hopkins, 118 U. S. 356, 6 Sup. Ct. 1070, the supreme court, affirming the rule expressed in the foregoing decisions, said:

"The fourteenth amendment to the constitution is not confined to the protection of citizens. It says: 'Nor shall any state deprive any person of life, liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the law.' These provisions are uni-

versal in their application to all persons within the territorial jurisdiction, without regard to any difference of race or color, or of nationality, and the equal protection of the laws is a pledge of the protection of equal laws."

Unless there is something so different in the conducting of a laundry by steam to that of the carrying on of that business by any other means, the law providing a different and more excessive license for the conducting of such business other than by steam is unequal and unjust. It is not claimed that the mode of carrying on a laundry by means other than steam is more dangerous to health than a steam laundry, or that it is more conducive to the spread of fire. It is not perceived that this enacting a different license for one mode of conducting such a business from that imposed upon the other is in furtherance of the well-recognized police power of the state. It may be said that the state may have wished to encourage steam laundries. If so, it had no right to do it at the expense of any person carrying on such a business other than by means of steam. Such an argument would imply that it was in the power of a state to force a man who conducted a business in one mode to abandon the same in order that he who conducted such business in another mode should be encouraged and built up. The laundry business is the same whether conducted in one mode or in another. If an additional burden can be placed upon a man because he conducts that business by means other than steam, of $10 per quarter, then it could be advanced to $1,000 a quarter. It is not contended that the conducting of a laundry by means other than steam involves a greater outlay of capital, or that a greater amount of business is conducted thereby than by steam. To a man of ordinary observation the reverse would seem to be the fact. It is not maintained that a license cannot be graduated in accordance with the amount of business. It is urged, however, that, where the same business is conducted by different modes, it is unjust, and in violation of the rule that each man should have the protection of equal laws, to place upon one a greater burden than upon the other. If the mode of conducting a business is subject to a license, then all progress could be delayed. It seems to me that in this case it appears that an additional burden is cast upon those conducting the business of a laundry other than by steam, where one or more persons are employed, than is imposed upon those conducting a steam laundry, and that no conditions are presented which would justify the state in adding this additional burden. It is therefore held that the arresting of Yot Sang for the refusal to take out a license, and pay therefor $25, before he could conduct a laundry business in which one or more persons were employed, the same being other than steam, was void, by virtue of the said fourteenth amendment to the constitution. It is therefore ordered that he be discharged from further custody by said Sheriff Jurgens.