On motion for temporary injunction decided August 10, 1910. On the merits argued December 6, 1910, decided January 10, 1911. Rehearing denied January 31, 1911.

## KELLAHER v. CITY OF PORTLAND.

[110 Pac. 492 ; 112 Pac. 1076.]

COURTS—SUPREME COURT—JURISDICTION—INJUNCTION.

1. Under Section 6, Article VII, Constitution of Oregon, providing that "the Supreme Court shall have jurisdiction only to revise the final decisions of the circuit courts," its power to issue an injunction, in a case pending before it, is only incidental to its appellate jurisdiction to the extent necessary to its exercise, and should be exercised only upon the most urgent necessity.

COURTS—SUPREME COURT—JURISDICTION—INJUNCTION.

2. The Supreme Court cannot, by injunction, protect property rights, or enjoin acts that might result in damage to a litigant.

COURTS—SUPREME COURT—JURISDICTION—INJUNCTION.

3. While pending on appeal in the Supreme Courut from a judgment for the city of Portland in a suit attacking the validity of an ordinance providing for the licensing of certain vehicles and imposing annual license fees, plaintiffs petitioned the Supreme Court for an injunction restraining the city from collecting said license fees pending the appeal. *Held*, that their contention that they would suffer hardship and delay, were the writ not allowed and the ordinance be held to be void, could not give the court jurisdiction to issue such writ.

TAXATION—REMEDIES FOR ERRONEOUS TAXATION—INJUNCTION.

4. A bill to restrain collection of a tax is the proper remedy where the tax was unauthorized.

LICENSES—ORDINANCE—PUNISHMENT FOR VIOLATION.

5. An ordinance providing for taxing vehicles used upon the city streets and for tags thereon, and subjecting persons violating it to fine or imprisonment, is authorized by Section 73, City Charter 1903 (Sp. Laws 1903, p. 27), which gives the council power to punish by fine or imprisonment any violation of ordinances, and to raise money by granting licenses.

LICENSES—ORDINANCE—VEHICLES—VALIDITY.

6. Section 73, subd. 21, Charter 1903 (Sp. Laws 1903, p. 27), gives the city council power to license vehicles, but the classification must be on some reasonable basis, so that it will apply to all engaged in the same business, and this principle applies to the power to tax vehicles for using the streets of the city.

LICENSES—ORDINANCE—VEHICLES—VALIDITY.

7. It is not essential to the validity of a license ordinance that all vehicles which may be taxed should be included therein, but it must include all that come within the class sought to be taxed.

LICENSES—ORDINANCES—VEHICLES FOR PLEASURE.

8. An ordinance taxing vehicles used upon city streets, and to compel placing of tags on vehicles, is not objectionable because it exempts vehicles used for pleasure or out of town vehicles.

LICENSES—ORDINANCES TO TAX VEHICLES—CONSTRUED.

9. A city ordinance taxing vehicles used upon streets of the city and to compel placing of tags on the vehicles, is not objectionable because it excepts vehicles, included under another ordinance applying only to hawkers and peddlers, as the latter are already taxed thereby.

LICENSES—ORDINANCES—"AUTOMOBILES."

10. An ordinance taxing automobiles and other vehicles is not objectionable because it does not include auto trucks used for hire, or without hire; the term "automobile" being sufficiently comprehensive to cover both.

LICENSES—AUTOMOBILES—PRIVATE VEHICLES.

11. A city ordinance taxing automobiles and other vehicles is invalid as an unreasonable discrimination and classification, in that it omits automobiles used in connection with the owner's business, while vehicles used for same purposes, drawn by horses, are taxed.

From Multnomah: ROBERT G. MORROW, Judge.

This is a suit by Dan Kellaher and 181 others to enjoin the city of Portland from enforcing an ordinance taxing vehicles used upon the streets of said city. From a decree in favor of the city, plaintiffs appeal. Plaintiffs now make application for an injunction restraining the defendant from collecting certain license under a city ordinance, the validity of which is the subject of this suit.

APPLICATION DENIED.

*Messrs. O'Day & Haddock* for the motion.

*Mr. Frank S. Grant,* City Attorney, and *Mr. John P. Kavanaugh, contra.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. This case is pending in this court on appeal. Plaintiffs, who are appellants, now ask for an injunction restraining the defendants, pending the appeal, from collecting certain license fees due under a city ordinance, the validity of which is the subject of the suit.

The ordinance (No. 20,474 of the city of Portland) provides for licensing certain vehicles, and imposes an annual license fee for each vehicle. The ordinance was passed and approved on December 19, 1909. Thereafter, on January 8, 1910, plaintiffs commenced this suit in the circuit court for Multnomah County to have the ordinance declared illegal and void, and asked for a temporary injunction restraining the defendants from enforcing it pending the suit. The temporary restraining order was granted, and thereafter a demurrer to the complaint was sustained, the restraining order dissolved, and the suit dismissed. The constitution, (Article VII, Section 6), provides that "the Supreme Court shall have jurisdiction only to revise the final decisions of the circuit courts." Its power to issue an injunction in a case pending before it is only incidental to its appellate jurisdiction to the extent necessary to maintain or exercise it. This question was considered in *Livesley* v. *Krebs Hop Co.,* 57 Or. 352 (97 Pac. 718), in which it was held that this court has jurisdiction to issue the writ only in aid of or to protect its appellate jurisdiction. The power should by no means be exercised as a matter of course, but only upon the most imminent necessity.

2. This court cannot by injunction protect property rights, or enjoin acts that might result in damage to a liti-

Sig. 19

gant. That is the province of the circuit court, and this court can only review its action on appeal.

3. In the case of *Livesley* v. *Krebs Hop Co.*, 57 Or. 352 (97 Pac. 718), the amount of a judgment was about to be collected by execution, plaintiff contending that since the rendition of the judgment it had been equitably satisfied, that plaintiff should be relieved from payment of it, and that the judgment creditor was insolvent, and, if the money be collected, it would be lost to plaintiff. The validity of the judgment was not questioned, and the restraining order was issued by this court to prevent the collection of the money. Otherwise the subject of litigation would have passed beyond the control of the court, and its decree, if in favor of the judgment debtor, would be rendered nugatory.

The facts in the present case do not bring it within that principle. Counsel for plaintiffs urges only the hardship and delay that may result to them if the writ is not allowed in case the ordinance shall be held to be void. But these elements do not affect the exercise of the jurisdiction of this court over the subject of the litigation or remove it beyond its control.

The application is denied.          INJUNCTION DENIED.

---

Decided January 10, 1911.

ON THE MERITS.

[112 Pac. 1076.]

Statement by MR. CHIEF JUSTICE EAKIN.

This is a suit by Dan Kellaher and 181 others to enjoin the city from enforcing an ordinance—No. 20,474—taxing vehicles used upon the streets of the city. The ordinance provides that any person, firm, or corporation, being the owner or keeper within the city of "any stagecoach * * automobile or other vehicle, which shall be used for the

conveyance" of persons, goods, or for any other business, shall pay for each such vehicle an annual license as follows, naming a list of vehicles drawn by two animals and those drawn by one animal, and includes every vehicle used for business purposes, drawn by horses, and "for each omnibus used in transporting passengers * * without hire, $2.50; for each such omnibus used * * for hire, $10; for each automobile used for hire, $10.00." No license tax is fixed for any other automobiles than are included in the three items last mentioned. The ordinance expressly excepts from its operation vehicles used for pleasure only and those licensed under Ordinance No. 14,053. Section 5 of Ordinance No. 20,474 provides that any person who shall violate the provisions of this ordinance by neglecting to place license tags upon the vehicle, or who violates any of its provisions, shall, upon conviction thereof, be punished by fine or by imprisonment. Section 73 of the city charter of 1903 (Sp. Laws 1903, p. 27) provides that the council has power and authority, among other things (subsection 3), "to provide for the punishment of a violation of any ordinance of the city by fine or imprisonment, not exceeding $500 fine or six months' imprisonment, or both, or by forfeiture as penalty." And by subsection 21 "to grant licenses, with the object of raising revenue or of regulation, or both, for any and all lawful acts, things, or purposes, and to fix by ordinance, the amount to be paid therefor. * * All money received from licenses for vehicles of every description whether for pleasure or business, shall go to the credit of the street repair fund." Section 114 provides: "The council has power and authority * * to assess, levy, and collect taxes upon all property * * not to exceed three-fourths of a mill, for the maintenance, preservation, and repair of the streets, to be known as the 'Street Repair Fund.'" Plaintiffs allege that the ordinance is illegal and void for the rea-

sons that it is discriminatory, in that within the city there are a large number of vehicles not for hire in constant use by the owners in their own business, propelled by their own power, and in competition with plaintiffs; that it exempts vehicles licensed under Ordinance No. 14,053; that it does not include out of town vehicles used on the streets; that it does not include vehicles used for pleasure; that it does not appropriate the tax to the "street repair fund"; and that it provides for a fine and imprisonment for failure to pay the tax. A demurrer to the complaint was sustained by the lower court and judgment rendered thereon adjudging the ordinance valid and dissolving the temporary injunction. Plaintiffs appeal.                                              REVERSED.

For appellant there was a brief over the names of *Messrs. O'Day & Haddock* with an oral argument by *Mr. J. M. Haddock.*

For the respondents there was a brief with oral arguments by *Mr. Frank S. Grant,* city attorney, and *Mr. William C. Benbow.*

Opinion by MR. CHIEF JUSTICE EAKIN.

4. The evident scope of this ordinance is to levy a revenue tax upon all vehicles owned within the city and used in connection with business enterprises. It is first objected by defendant that equity has no jurisdiction of the case for the reason that plaintiffs have a complete remedy at law. The primary object of the suit is to have adjudicated the validity of the ordinance which involves private rights to prevent the collection of the tax which is alleged to be unauthorized and to prevent a multiplicity of suits, which constitutes a ground for equitable cognizance. A suit to enjoin the collection of a tax is recognized as a proper remedy when the tax is unauthorized: *Welch* v. *Clatsop County,* 24 Or. 452, 456 (33 Pac. 934) ; *Taylor*

*Sands Fishing Co.* v. *State Land Board,* 56 Or. 157 (108 Pac. 126) ; *Chicago Ry. Co.* v. *Frary,* 22 Ill. 34; *Albany & Boston Min. Co.* v. *Auditor General,* 37 Mich. 391.

5. It is urged by plaintiffs that the provision of the ordinance that "any person who shall violate the provisions of this ordinance by neglecting or refusing to place license plates, or tags, upon each side of 'his said vehicle' * * or who violates any of the other provisions of this ordinance shall upon conviction thereof * * be punished by fine * * or by imprisonment," renders the ordinance void, as it makes the nonpayment of a revenue tax punishable by fine and imprisonment. But this contention is untenable. The right of the city to license vehicles is conceded, and the charter expressly authorizes the city to enact ordinances and to enforce them by fine and imprisonment and is within its legislative power. The violation of the terms of the ordinance is not thereby made a crime, but it is *quasi* criminal, and the penalty is in the nature of a forfeiture for the wrong done to the public where a penalty is given, whether recoverable by criminal or civil process. In the case of *City of St. Louis* v. *Green,* 7 Mo. App. 481, it was held that this general power in the charter was not sufficient to authorize such a penalty for nonpayment of a tax, but that case was reversed upon that point in *City of St. Louis* v. *Green,* 70 Mo. 562, and it was held that the municipality had the power to enforce an occupation tax by fine. To the same effect are *City of St. Louis* v. *Sternberg,* 69 Mo. 289; *City of Cincinnati* v. *Buckingham,* 10 Ohio 257; *Shelton* v. *Mayor of Mobile,* 30 Ala. 540 (68 Am. Dec. 143) ; *Henry Vandine, Petitioner,* 6 Pick. (Mass.) 187 (17 Am. Dec. 351) ; *Chilvers* v. *People,* 11 Mich. 43.

6. Plaintiffs contend that the ordinance is void because it is not uniform in its application to all persons similarly situated as to these plaintiffs and is discriminatory in that it expressly exempts vehicles used for pleasure, out

of town vehicles used in the city by their owners, and those taxed under Ordinance No. 14,053. It is not questioned that the council has power to license vehicles for revenue, as attempted to be done in this case, as well as for the purpose of regulation. The charter provision (section 73, subsec. 21) grants this power. Certain trades and callings may be taxed without including all businesses that may be legally taxed for revenue, but the classification must be on some reasonable basis, so that it will apply to all engaged in the same business occupation (*State* v. *Wright*, 53 Or. 344 [100 Pac. 296: 21 L. R. A. (N. S.) 349] ; *State* v. *Conlon*, 65 Conn. 478 [33 Atl. 519: 31 L. R. A. 55: 48 Am. St. Rep. 227] ; *In re Yot Sang* [D. C.] 75 Fed. 983). And the same principle is applicable to the power to tax vehicles for the privilege of using the streets of the city.

7. It is not essential to the validity of a license ordinance that all vehicles which may be so taxed should be included therein, but it must include all that come within the class sought to be taxed.

8. The classification is for the determination of the council provided it is made on some reasonable basis, and applicable to all similarly situated, without discrimination. Legislative provisions of this character are upheld taxing drays and trucks (*City of Burlington* v. *Unterkircher*, 99 Iowa 401, 404: 68 N. W. 795) ; those used for hire in transporting persons or goods (*In re City of Newport*, 131 Ky, 550: 115 S. W. 744) ; those used for business purposes, whether for hire or not (*Johnson* v. *Mayor and Council of Macon*, 114 Ga. 426: 40 S. E. 322) ; hacks and drays or other vehicles used for pay (*City of Terre Haute* v. *Kersey*, 159 Ind. 300: 64 N. E. 469: 95 Am. St. Rep. 298) ; *McCauley* v. *State*, 83 Neb. 431 (119 N. W. 675) ; *City of Brooklyn* v. *Breslin*, 57 N. Y. 591) ; and it may except vehicles used for pleasure (*City of Brooklyn* v. *Nodine*, 26 Hun. 512) or out of town vehicles

(*Ft. Smith* v. *Scruggs,* 70 Ark. 549: 69 S. W. 679: 58 L. R. A. 921: 91 Am. St. Rep. 100). The law is valid if it includes all within the class. When the power is delegated to the city, it may exercise it to the same extent. Exact equality in the tax or in the classification cannot be attained. That is impossible. But it is sufficient if made on a reasonable basis, and includes all within the class, and is not merely arbitrary: *Gulf, Colorado & Santa Fe R. Co.* v. *Ellis,* 165 U. S. 165 (17 Sup. Ct. 255: 41 L. Ed. 666). In *Kersey* v. *City of Terre Haute,* 161 Ind. 471, 473 (68 N. E. 1027, 1028), it is said:

" 'There is no imperative requirement that taxation shall be equal. If there were, the operations of government must come to a stop, from the absolute impossibility of fulfilling it. The most casual attention to the nature and operation of taxes will put this beyond question. No single tax can be apportioned so as to be exactly just, and any combination of taxes is likely in individual cases to increase instead of diminish the inequality.' * * The power is essentially legislative in its character, and it is not required, under the constitutional provisions we are now considering, that there should be such exact exclusion and inclusion of the subjects of taxation as to meet fully the approval of the judicial mind as to what is reasonable."

9. The exception of vehicles that are included under Ordinance No. 14,053, which licenses peddlers and hawkers of merchandise upon the street by means of vehicles is not discriminatory, as such vehicles are already taxed thereby for the privilege of using the street; at least, that is a matter of classification within the power of the council. Such a question was raised in *City of Newport* v. *Fitzer,* 131 Ky. 544 (115 S. W. 742: 21 L. R. A. (N. S.) 279), in which it was held that to include them within a vehicle ordinance amounted to double taxation and to that extent the ordinance was held to be void.

10. Objection is also made that the ordinance does not include auto trucks used for hire or without hire, but we

think the term "automobile" is sufficiently comprehensive to include them. The New International Encyclopedia defines "automobile" as "the generic name which has been adopted by popular approval for all forms of self-propelling vehicles for use upon highways and streets for general freight and passenger service." See, also, the American Encyclopedia and the Century Dictionary and Cyclopedia (New Edition).

11. However, we are unable to uphold the classification which omits from its terms automobiles used in connection with the owner's business, which we are justified in assuming as a matter of common knowledge includes a large number of automobiles used by department stores, breweries, groceries, express companies, physicians, and others, not used for hire. Nelson's Ency. And are in the same class as those taxed by the ordinance, viz: "For each delivery wagon delivering goods, wares, or merchandise within the city, without charge, drawn by two animals; for each delivery wagon drawn by one animal; for each truck or dray drawn by two animals; for each truck or dray drawn by one animal; for each vehicle used for hauling dirt, wood, brick, stone, lumber, sand, gravel, or like material, drawn by two animals (the same drawn by one animal) ; for every vehicle not above enumerated used for business, drawn by two animals (and the same drawn by one animal)." The complaint alleges that there are large numbers of such vehicles propelled by their own power, used within the city by their owners, in their own business, without hire. It is an arbitrary classification to say that an automobile using the streets for the same purpose as those vehicles drawn by horses which are taxed shall pay no vehicle tax. Such classification is not made on a reasonable basis and renders the ordinance void.

It is also objected that the ordinance does not state the object of the tax. But that is immaterial, as the charter

provides that it must be placed in the "street repair fund" and the council can make no other disposition of it, and that provision is self-executing.

For the reason above assigned, the decree will be reversed and one entered here adjudging the ordinance void, and enjoining the city from the enforcement of it.

REVERSED.

Mr. Justice MOORE and Mr. Justice MCBRIDE concur. Mr. Justice SLATER and Mr. Justice KING having been succeeded by Justice BEAN and Justice BURNETT took no part in this decision.

Decided January 31, 1911.

ON PETITION FOR REHEARING.

[112 Pac. 1079.]

Opinion by MR. CHIEF JUSTICE EAKIN.

This petition is drawn under a misconception of the terms of the ordinance.   Counsel says:

"What authority is there in existence in the United States today which holds (outside of this opinion) that an automobile is in the same class as a vehicle drawn by an animal?   Its purpose is to license vehicles drawn by animals only, and how can the court say that the city council cannot, by another ordinance, license automobiles used for the transportation of goods, etc?"

And this statement discloses the whole foundation of the petition.   If the council had included in one class only vehicles, used for any kind of business, drawn by horses, there would have been a very different question before us for consideration.   Whether such a classification would be discriminatory it is not necessary to consider.   But that is not the classification made by the council.   The ordinance provides "that any person * * being the owner or keeper of any * * wagon, automobile or other vehicle, which shall be used for the conveyance of persons, * *

packages, * * or for any other business, shall pay. * *"
Thus the class of vehicles sought to be licensed are those
used for the transportation of persons, packages, or for
any other business, not alone vehicles drawn by horses.
It probably licenses all kinds of autos used in any busi-
ness, except those used by one in his own business, and
includes all vehicles drawn by animals used by the same
class of persons in their own business. It made an effort
to include all, but it omitted a very considerable and
important part of those within the class, and is therefore
discriminatory.

The petition is denied.

REVERSED: REHEARING DENIED.