## Firemen's Insurance Company of Newark, N. J., v. Yarbrough.

### (Decided May 27, 1930.)

526

GORDON & LAURENT, SQUIRE R. OGDEN and C. J. WADDILL for appellant.

CHARLES G. FRANKLIN for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On January 11, 1929, the Firemen's Insurance Company of Newark, N. J., through its local agent, E. F. Ivy, who was authorized to countersign and issue policies, and to collect the premiums thereon, issued and delivered to George Yarbrough a policy of insurance containing the following provisions:

"Firemen's Insurance Company of Newark, New Jersey, in Consideration of the Stipulations herein named, and of Eight and 38/100 Dollars Premium, Does Insure George Yarbrough for the term of One year from the 14th day of January, 1929, at noon (standard time) to the 14th day of January, 1930, at noon (standard time) Against all direct loss or damage by Fire and Lightning, except as hereinafter provided, to an amount not exceeding Twelve Hundred Dollars, to the following described property while located and contained as described herein, and not elsewhere, to wit: All situated 106 E. Hanson Avenue, Tariff No. 604, in the town of Earlington, State of Kentucky.

"*1 $ Nil On the one story shingle roof frame building including foundations, plumbing, electric wiring and stationary heating, lighting and ventilating apparatus and fixtures therein; awnings, door and window screens, and storm doors and windows;

also all permanent fixtures belonging to and constituting a part of said building; occupied, and to be occupied only for dwelling purposes. If the building hereby insured is occupied by tenants, this insurance shall also cover under this item, if the property of owner of building and not otherwise insured, floor coverings, mirrors, stoves, refrigerators, cleaning apparatus, hose and other fire extinguishing appliances, fuel, janitor's tools and implements, all constituting a part of the equipment and service of the building and only while contained in, or attached to, the above described building. This insurance shall also cover under this item, if the property of owner of building, awnings, door and window screens, and storm doors and windows belonging to above described building, while stored in outbuildings on the above described premises.

"*2 $1200.00 On household and personal effects of every description (printed books, musical instruments, pictures, paintings, engravings, including their frames, and statuary and sculpture to be valued at not exceeding cost) belonging to insured and all members of the insured's family usual or incidental to the occupancy of the premises by the insured as a dwelling, excluding bills of exchange, accounts, bills, currency, deeds, evidences of debt, money, notes or securities; all while contained in the above described building, and if not otherwise specifically insured, while stored in outbuildings on the above described premises, but the liability of this company for loss or damage to household and personal effects in outbuildings shall not exceed ten (10%) per cent. of the amount of insurance under this item."

The property at 106 East Hanson avenue was owned by the father-in-law of the insured. On the lot were two small dwelling houses. The one in front was the residence of the owner; the other a servant's house. At the time the policy was issued the household goods of the insured were stored in the servant's house. While the policy was in force they were destroyed. Following the company's denial of all liability this action was brought to recover on the policy. The law and facts were submitted to the court and judgment was rendered

in favor of the insured for $918.50. The company appeals.

The insured testified that at the time he procured the policy, and prior thereto, the goods were stored in the servant's house at 106 East Hanson street, and that he mentioned this fact to Mr. Ivy, the local agent, and requested him to go and see the furniture. Ivy refused to do so and said he would write up the policy like the old policy was. The size of the building in which the furniture was stored was about 12 by 14 feet. Attached to it was a coal shed. The building was not a part of the main residence. There was a new roof on the main residence, and he did not know what material it was. The roof on the outbuilding was rubberroid. On the other hand, Ivy denied that the insured told him that the property was stored in the outhouse on his father-in-law's premises. He admitted, however, that the insured told him that he was storing the property at his father-in-law's. He had seen the servant's house several times and had written a policy on it with another company. He was familiar with the Key residence. There were three rooms in it. It was occupied by Mr. Key and his wife and some grandchildren. He further admitted that the insured asked him to go up and see where his goods were stored, but he did not go. He also stated that he did not know the goods were stored in the servant's house until after the fire.

In its findings of fact the trial court held that the goods insured were in the servant's house or outbuilding at the time the policy was issued, and this fact was known to the defendant. The court further found as a matter of law that, having entered into the contract with the knowledge that the goods were stored in the servant's house the company was estopped to rely on any of the provisions of the policy that would nullify the contract of insurance and that the provision that the liability of the defendant for the loss or damage to property in outbuildings should not exceed 10 per cent. of the amount of the insurance was not applicable to the case under consideration.

Appellant's position is this. The goods were insured only "while contained in the above described outbuilding," that is, the "one-story shingle roof frame building," and were not insured while in the servant's house. That being true, the policy did not cover the goods. Hence, no recovery could be had without reforming the contract, and the evidence was not sufficient to

warrant a reformation. In the case of Eggleston v. Council Bluffs Insurance Company, 65 Iowa, 308, 21 N. W. 652, the property described in the policy was a store building and stock of goods "situated on lots 7 and 8, block 2, in the town of Floris," but the property was actually situated on lots 7 and 8, in block 2, in Hoisington's addition to the town of Floris, but there was a block 2, containing lots 7 and 8, in the original town. It was held that, since the addition was a part of the town, the description in the policy and application might 'be applied either to the lots in the original town or to those in the addition; that it was not a misdescription, but an ambiguous one, and that the latent ambiguity might be shown by parol in an action by ordinary proceedings, and that it was not necessary to have the error corrected in equity before a recovery could be had on the policy. In the case of Globe & Rutgers Fire Ins. Co. v. Hamilton, 65 Ind. App. 541, 116 N. E. 597, a policy on "household furniture while contained in the one and one-half story frame, with shingle roof, dwelling house and additions," situated in the city, was held to cover furniture in a frame outbuilding in the rear of the house in view of the insurance agent's knowledge that the furniture would be kept in such outbuilding. In A. B. Tegley Hardware Co. v. Continental Ins. Co., 97 Kan. 127, 154 P. 299, it was held that where it appears that the insurance agent and owner intended to insure merchandise while in buildings on either or both of two adjoining lots, recovery might be had on the policy describing property as being on one of such lots. In the case of Ludwig v. Jersey City Ins. Co., 48 N. Y. 379, 8 Am. Rep. 556, it was held that, where a policy states that it covers goods on the first floor of a named building, and the renewal receipt names merely the building, the agent knowing that the goods have been moved to another floor, the renewal covers the goods in their new location. In the case of Kansas Farmers' Fire Ins. Co. v. Saindon, 52 Kan. 486, 35 P. 15, 39 Am. St. Rep. 356, it was held that where a dwelling house is insured and the policy by mistake misdescribes the land on which the house is situated, this will not of itself affect the risk or render the policy void, and it is not necessary to reform the policy in case of a loss to recover thereon. In the case of German American F. Ins. Co. v. Messenger, 25 Colo. App. 153, 136 P. 479, it was held that, under a policy on a farm implement business and goods in the yard, in view of the

insured's offer to take the insurer's agent over to see the goods on a lot diagonally across from his building, a separator on such a lot was included in the policy.

When the law and facts are submitted to the court without the intervention of a jury, the court's finding of facts is equivalent to the verdict of a properly instructed jury, and will not be set aside unless flagrantly against the evidence. Proctor v. Ray, 194 Ky. 746, 240 S. W. 1063.

In the case at bar, Ivy, the local agent, was not an agent of limited powers, but had authority to countersign and issue policies and collect the premiums thereon, and his acts and knowledge concerning the property insured at the time the policy was executed were imputed to the company. Phoenix Ins. Co. v. Spiers, 87 Ky. 285, 8 S. W. 453, 10 Ky. Law Rep. 254; Continental Ins. Co. v. Turner, 222 Ky. 608, 1 S. W. (2d) 1063. The court found as a matter of fact that the local agent was informed by the insured that the goods were stored in the servant's house prior to and at the time the policy was issued, and there being only one witness pro and con it cannot be said that the court's finding is flagrantly against the evidence. The language of the policy being chosen by the insurer should be construed, if practicable, so as to cover the subject-matter intended to be covered. Aetna Ins. Co. v. Jackson, 16 B. Mon. 242. The intention of the parties was to insure the furniture of the insured. This furniture was at the home of his father-in-law. The agent of the insurer was informed that it was stored in the servant's house. It was described in the policy as being located at 106 East Hanson Avenue. In the policy it was provided that there was no insurance on the one-story frame shingle roof building. Following this is the clause insuring household and personal effects "all while contained in the above described building." It is admitted that there are two frame buildings or residences on the lot. The policy is therefore ambiguous and resort must be had to oral testimony to determine to which of the buildings the policy refers. When this is done it is proper to inquire which of the residences the parties had in mind. Of this there can be no doubt. It was the residence in which the goods were stored. In the circumstances the 10 per cent. provision does not apply, and there was no need for reformation, and common justice requires that appellant bear the loss.

Judgment affirmed.