## Life & Casualty Company of Tennessee v. Metcalf.

(Decided Oct. 20, 1931.)

C. C. GRASHAM and ROY G. GARRISON for appellee.

L. B. ALEXANDER for appellant.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

Ray Metcalf was the son of J. T. Metcalf, who was a dairyman residing in McCracken County, Ky. Ray was in the employment of his father. On September 23, 1929, the appellant issued and delivered to Ray a policy known as its "Industrial Travel & Pedestrian Policy," insuring his life against accidental death, resulting under the certain conditions set forth in the policy. His mother, the appellee, was the designated beneficiary. While the policy was in force and effect, he was operating on the public highway a truck used by him as an employee of his father for delivery to customers of dairy products at Paducah, Ky.

On the day of his death he had made a delivery with the truck. After so doing, and while still operating it, he went to the home of Elizabeth Harris, arrived there about 5:30 p. m., remained about fifteen minutes, when he and Miss Harris, in the truck, went to a store about one-half mile from her home "to get some cigarettes and coca-cola." After securing them, they went "pleasure driving," returning to her home within half an hour after their departure. She remained at her home; Ray, driving the truck, went alone on his way home. On the road leading to his home, and when within a half mile

of it, a collision occurred between his truck and another one on the highway, injuring him, from which he immediately died. The truck he was operating at the time was a one and one-half ton Ford, with a closed body. The back of it was closed, with doors in the rear; a cab on the front with doors to it; the doors of the cab were off and inside of the truck at the time.

An issue was formed by appropriate pleadings, the evidence heard, and, at the conclusion of the evidence, on her motion, the court gave to the jury a peremptory instruction to find for the appellee, which was accordingly done. A judgment was entered in her behalf for the sum of $1,000, the amount of the policy.

The appellant appeals, and insists that the policy does not embrace the type of vehicle in which deceased was riding at the time he was killed; that the "truck" was not a "private motor driven automobile," within the meaning of the policy.

The language of the policy directly involved, and which we are called on to consider and to construe, is:

"If insured shall by the collision of or by any accident to any passenger car, passenger steamship: . . . or by the collision of or by any accident to any private horse drawn vehicle, or private motor driven automobile in which insured is riding or driving; . . . Subject to all its terms and conditions, this policy is extended to cover telegraph or other messenger boys, if injured on the street while attending to the duties of his employment, whether standing still, walking or riding, and also extended to cover truck drivers, taxi cab drivers, street car motormen, while engaged in the line of their employment in actually driving or operating a public conveyance."

Only one question is presented to be determined, viz.: Was the Ford truck "a private motor driven automobile" within the meaning of the policy, considering its use and the purpose of its use prior to, and at the time of the collision and death of the insured?

In the construction of an insurance policy in addition to the rules of construction which obtained in the construction of other contracts, other certain, definite, fixed rules of construction have been adopted, and are applied by the courts in order to ascertain the ultimate

intent and purpose, from its own language, of the policy to make assured, protect and safeguard, the rights of the assured as well as the rights of the insurrer. These general rules appear to be uniform throughout the different jurisdictions. Niagara Fire Insurance Co. v. Mullins, 218 Ky. 473, 291 S. W. 760.

Some of these general rules may be stated thus: The policy should be construed in favor of the insured so as not to defeat a claim of indemnity, which he intended to secure, and which the insurrer intended that he should have by virtue of its policy in case of injury or death, coming within the limits of its language. Spring Garden Ins. Co. v. Imperial Tobacco Co., 132 Ky. 7, 116 S. W. 234, 20 L. R. A. (N. S.) 277, 136 Am. St. Rep. 164; Benefit Ass'n of Ry. Employees v. Secrest, 239 Ky. 400, 39 S. W. (2d) 682. Its language is to be construed so as to effectuate the insurance and not so as to defeat it. North River Insurance Co. v. Dyche, 163 Ky. 271, 173 S. W. 784. It should be given a practical and rational construction, one consistent with reason and common fairness rather than one that tends to defeat it, if the terms of the instrument will fairly and justly permit it. Benefit Ass'n of Ry. Employees v. Secrest, supra. Phrases or words of ambiguous, doubtful, or equivocal meaning, appearing in the policy, are to be construed in the insured's favor. General Accident, Fire & Life Assur. Corp. v. Louisville Home Tel. Co., 175 Ky. 96, 193 S. W. 1031, L. R. A. 1917D, 952. If practical, such construction thereof should be given it as to cover the subject-matter. Firemen's Ins. Co. v. Yarbrough, 234 Ky. 525, 28 S. W. (2d) 771. Another one of universal application is that: "A contract of insurance will be construed strictly against the insurer and liberally in favor of the insured." Ætna Ins. Co. v. Jackson, Owsley & Co., 16 B. Mon. 242. They are fundamentally based upon the fact that the language therein was carefully and intentionally chosen, and used in the policy by the insurer, in the absence of the insured, with the intent and for the exclusive purpose of protecting itself against claims arising in the future by reason of its contract of insurance, and that the insured had no opportunity of examining it before it was delivered to him.

With these applicable and controlling rules in mind, we shall interpret and determine in the light of the proven facts the meaning of the phrase, "Private motor

driven automobile'' in the connection and in the sense in which it is found in the policy. It is presumed that the word "Automobile" was used, and that it was intended by both the insurer and the insured to be construed, according to the commonly and generally accepted sense and meaning thereof, in the absence of an allegation and proof to the contrary. It was a general rule at common law "that all words and phrases should be construed and understood according to the common and approved usage of language but technical words, phrases and such others as may have acquired popular and appropriate meaning should be construed and understood according to such meaning." This common-law rule has been carried into our statutes for the purpose of controlling the court in its construction of other statutes. Section 460 Ky. Statutes.

No authority, logic, or reason can be offered against applying it in the interpretation and construction of an insurance policy.

It is apparent that the purpose of the policy was to insure the insured against the result of a collision while riding in a "private motor driven automobile." This is not disputed by the appellant.

The absence from the policy of express, unequivocal language expressly excluding "a truck" by appropriate words saving itself from liability to the insured where a collision occurs while riding in a "private motor driven," or self-propelled vehicle, other than an "automobile" used for pleasure or transporting passengers, tends to convince the mind that by its use of the word "automobile" it did not thereby exclude "a private motor driven" truck. It is apparent that the word "automobile" was selected and used in the policy in its common, general, and popular sense. It is defined by text-writers and the courts to mean a self-propelled vehicle or carriage for the transportation of persons or property whose operation is not confined to a fixed track.

Berry on Automobiles (4th Ed.) sec. 3, p. 3, says: "The term 'automobile' as used in this work may be defined as a self-propelled vehicle or carriage for the transportation of persons or property and whose operation is not confined to a fixed track"—citing Bonds v. State, 16 Ga. App. 401, 85 S. E. 629; Christy v. Elliott, 216 Ill. 31, 74 N. E. 1035, 1 L. R. A. (N. S.) 215, 108 Am. St. Rep. 198, 3 Ann. Cas. 487; McIntyre v. Orner, 166 Ind. 57, 76 N. E. 750, 4 L. R. A. (N. S.) 1130, 117 Am.

St. Rep. 359, 8 Ann. Cas. 1087; Baker v. Fall River, 187 Mass. 53, 72 N. E. 336.

In Blashfield's Cyclopedia of Automobile Law, vol. 1, p. 1, it it said: "The word 'automobile' as the term is used in this work, and as it is generally understood, is a vehicle for the transportation of persons or property on the highway, carrying its own motive power and not operated upon fixed tracks"—citing Bethlehem Motors Corp. v. Flynt, 178 N. C. 399, 100 S. E. 693.

In Babbitt's "Law Applied to Motor Vehicles" (3d Ed.) sec. 2, p. 2, it is stated: "The word 'automobile' commonly includes a taxicab, and is sufficiently comprehensive to include auto trucks, whether or not used for hire"—citing Kellaher v. Portland, 57 Or. 575, 110 P. 492, 112 P. 1076.

In Bouv. Law Dict., (Rawle's 3d Rev.) "Automobile" is defined as: "A vehicle for the carriage of passengers or freight propelled by its own motor."

The New International Encyclopedia defines " 'Automobile' as a generic name which has been adopted by popular approval for all forms of self propelling vehicles upon highways or streets for general freight and passenger service"—citing Kellaher v. Portland, supra.

" 'Automobile' means a vehicle designed mainly for transportation of persons on highways, equipped with an internal combustion, hydrocarbon vapor engine, which furnishes the motive power and forms a structural portion of the vehicle. Secondarily, it is used as synonymous with 'motor vehicle,' denoting a vehicle moved by inanimate power of any description, generated or stored within it, and intended for the transportation of either goods or persons." American-La France Fire Engine Co. v. Riordan (C. C. A. N. Y.) 6 F. (2d) 964, 968.

See Huddy on Law of Automobiles, p. 2.

It is our conclusion that the word "automobile" is the general name adopted by popular approval of all forms of self-propelling vehicles for use on the highways and streets, and our application of it herein is in harmony with the definitions, supra.

Its construction, not depending upon any disputed facts, was for the court and not the jury. Johnson v. Edwards, 230 Ky. 485, 20 S. W. (2d) 76; Harlan Fuel Coal Co. v. Wigginton, 203 Ky. 546, 262 S. W. 957.

Wherefore the judgment is affirmed.