SUEWANNEE HOOVER, RESPONDENT, v. NATIONAL CASUALTY COMPANY,
A CORPORATION, APPELLANT.—162 S. W. (2d) 363.

Kansas City Court of Appeals.   May 4, 1942.

*Don E. Black* and *Mossman, Rogers & Bell* for appellant.

1094

Ben L. Clardy and David P. Dabbs for respondent.

SPERRY, C.—Suewannee Hoover, plaintiff, sued National Casualty Company, a corporation, on an insurance policy issued by defendant on the life of plaintiff's daughter, Elizabeth F. Hoover. Plaintiff was beneficiary under said policy and judgment was for her in the amount of $1235. Defendant appeals.

The cause was tried to the court without a jury. An agreed statement of facts was filed, said statement of facts being to the effect that: Insured was accidentally killed by the wrecking of an automobile while riding as a passenger therein, said automobile being then owned by a private company by which she was employed, and was used by said employer for the transportation of its employees from one location to another in the course of employment; that said au-

tomobile was, at the time, being driven by an agent of said employer and the automobile had formerly been used by the Greyhound Bus Lines in its business of transporting passengers for hire on the highways and was a bus with seats in it sufficient for the transportation of from twenty to twenty-four passengers and, at the time of the accident, contained twenty-two passengers in addition to the driver; and that, at the time of the accident, the policy sued on was in full force and effect.

Plaintiff introduced the policy, which contained the following insuring clauses:

"Part III, $2,000 if the death of the insured is caused: '(a) By the wrecking of a public omnibus, taxicab, jitney, or automobile stage, which is being driven or operated at the time of such wrecking by a licensed driver plying for public hire, and in which such insured is traveling on a fare-paying passenger; . . .'

"Part IV, $1,000 if the death of the insured is caused: '(a) By the wrecking of a private pleasure type automobile or horse-drawn vehicle within which the insured is driving or riding as a passenger (excluding motorcycle and farm machinery), or while so driving or riding by being accidently thrown from within such wrecked automobile or vehicle.

"Part IX, Any Other Unspecified Accident—Death Benefit Provision: 'If the insured shall during the term for which this policy is issued, or any renewal thereof, suffer loss of life which results within thirty days from the date of accident solely from such injuries caused by an accidental event in or out of business and which is not otherwise covered by this policy, and which shall have caused continuous total disability from date of accident to date of loss of life, the company will pay the sum of Fifty ($50.00) Dollars.' "

Plaintiff contends that she is entitled to recover under paragraph (a) of Part IV of the policy; and defendant contends that she can only recover $50 under Part IX of the policy, and has tendered said sum and paid it into court for benefit of plaintiff in accordance with its position herein.

Defendant introduced in evidence the original petition filed by plaintiff and later abandoned by her when she filed the amended petition upon which the case was tried, the proofs of death and other documents filed by plaintiff with defendant in attempting to establish her claim, and the testimony of witness Rippy, who qualified as an expert on types of motor vehicles and who testified that a motor vehicle of the Greyhound bus class is not a "pleasure type" automobile.

The court found the facts for plaintiff and rendered a general judgment in her favor in the sum of $1235. No complaint is made here as to the amount of the judgment, provided that plaintiff was

entitled to recover under Part IV, paragraph (a) of the policy, above set out.

Plaintiff contends that the language of the policy contained in Part IV above, is ambiguous and calls for judicial construction; that when the language used in an insurance contract is ambiguous and susceptible of more than one construction the courts should construe it most favorably to the insured; and that, since defendant provided for indemnity against loss of life of insured while a passenger riding in a "pleasure type automobile," which said provision is ambiguous and required judicial construction for its clarification, and has itself recognized such fact and has attempted to construe it by the specific exclusion of certain named instrumentalities which it does not intend to include in the coverage, it is bound to have included all other automobiles not named in the exclusion clause. Defendant contends that the expression "pleasure type automobile" is not ambiguous and cannot be held to include a bus as is here involved and that its liability is limited under Part IX of the policy to the sum of $50, which amount it has paid into court. The case, therefore, turns on the construction we give Part IV, paragraph (a) of the policy.

The term "automobile" has been defined as follows: "A vehicle for the carriage of passengers or freight propelled by its own motor." Bouvier's Law Dictionary, Vol. 1, page 294, Rawles Third Edition; "A wheeled vehicle propelled by steam, electricity, or gasoline, and used on highways and streets for the transportation of persons or merchandise." 5 Am. Jur., page 517: "A self propelled vehicle or carriage for the transportation of persons or property whose operation is not confined to a fixed track." [Life & Casualty Company of Tennessee v. Metcalf (Ky.), 42 S. W. (2d) 909, l. c. 911.] This court has held that a motorcycle with a side car attached is a "motor driven car" within the meaning of an insurance policy using such language, but it was indicated therein that the instrumentality might not be held to come under the designation of "automobile," (Burrus v. Continental Ins. Co., 40 S. W. (2d) 493, l. c. 494); and the general rule is that a motorcycle is not an automobile, pleasure type or other type. [Moore v. Life & Casualty Ins. Co. (Tenn.), 40 S. W. (2d) 403, l. c. 405.] Certainly farm tractors and other self propelled farm machinery would not ordinarily be considered as "pleasure type automobiles." We think, therefore, that if the term used in this policy was not considered by the writer of the policy to be ambiguous, it would not have specifically excluded motorcycles and farm machinery from its operation, since they would have been so excluded without reference thereto; and that by so doing it sought to specify what it meant by the term "pleasure type automobile." It sought to define the expression by naming and excluding what it did not mean. There are many different kinds of automobiles in operation which are,

apparently designed and used exclusively for pleasure; and there are also automobiles used both for pleasure and for commercial purposes. The fact that defendant saw fit to exclude at least two kinds of motor vehicles from its "pleasure type" coverage, to-wit: motorcycles and farm machinery, the latter including horse-drawn vehicles as well as tractors and other like automotive machines, indicates that defendant recognized the fact that the generic term "pleasure type automobile" might be considered as including the machines so specifically mentioned and excluded by its limiting clause.

The construction of insurance policies is governed by certain general rules which are applied, in addition to the general rules usually applied to the construction of ordinary contracts.

"Some of these general rules may be stated thus: The policy should be construed in favor of the insured so as not to defeat a claim of indemnity, which he intended to secure, and which the insurer intended that he should have by virtue of the policy in case of injury or death, coming within the limits of its language. [Spring Garden Ins. Co. v. Imperial Tobacco Co., 132 Ky. 7, 116 S. W. 234, 20 L. R. A. (N. S.) 277, 136 Am. St. Rep. 164; Benefit Ass'n of Ry. Employees v. Secrest, 239 Ky. 400, 39 S. W. (2d) 682.] Its language is to be construed so as to effectuate the insurance and not so as to defeat it. [North River Insurance Co. v. Dyche, 163 Ky. 271, 173 S. W. 784.] It should be given a practical and rational construction, one consistent with reason and common fairness rather than one that tends to defeat it, if the terms of the instrument will fairly and justly permit it. [Benefit Ass'n of Ry. Employees v. Secrest, *supra.*] Phrases or words of ambiguous, doubtful, or equivocal meaning, appearing in the policy, are to be construed in the insured's favor. [General Accident, Fire & Life Assur. Corp. v. Louisville Home Tel. Co., 175 Ky. 96, 193 S. W. 1031, L. R. A. 1917D, 952.] If practical, such construction thereof should be given it as to cover the subject-matter. [Fireman's Ins. Co. v. Yarbrough, 234 Ky. 525, 28 S. W. (2d) 771.] Another one of universal application is that: 'A contract of insurance will be construed strictly against the insurer and liberally in favor of the insured.' [Aetna Ins. Co. v. Jackson, Oswley & Co., 16 B. Mon. 242.] They are fundamentally based upon the fact that the language therein was carefully and intentionally chosen, and used in the policy by the insurer, in the absence of the insured, with the intent and for the exclusive purpose of protecting itself against claims arising in the future by reason of its contract of insurance, and that the insured had no opportunity of examining it before it was delivered to him." [Life & Casualty Ins. Co. of Tennessee v. Metcalf, 42 S. W. (2d), 909, l. c. 910.]

Under the rule *expressio unius*, the phrase "pleasure type automobile" used by defendant in its contract of insurance, necessarily excluded all other types of motor vehicles. [13 C. J. 537.] But de-

fendant was not content with use of a term which it contends is unambiguous and which excludes automobiles of the type in which insured was riding when killed. It went further and specifically excluded motorcycles and a whole class of automobile farm machinery which, we think, could not have been considered as coming under the classification of "pleasure type automobile." When the above rule is applied to the exclusion clause, it would seem that all automotive vehicles not specifically named and excluded are meant to be included in the coverage. Thus defendant has created an ambiguous contract which, to the uninitiated in the law, might indicate that an insured would be protected against accidents while riding in almost any kind of a privately owned and operated automobile, of which the bus in question would be one. Having thus created an ambiguity, if none existed before adopting the exclusion clause, it might have fully clarified same by going further and excluding all automobiles it did not intend to cover. Its failure to do so left the contract ambiguous as to insured and plaintiff and we will construe it most strongly against the defendant.

Insured could have believed that the coverage included all automobiles not specifically excluded, on the theory that defendant had defined the meaning of the term "pleasure type automobile" by excluding therefrom all automobiles not included in the expression. Parties to a contract may define the meaning of the terms used therein and such meaning as so defined will ordinarily be enforced by the courts. [Standard Oil Co. v. Powell Paving & Contracting Co., 138 S. E. 184, l. c. 193; 13 C. J. 532.]

We are cited to no Missouri authority which rules on a situation similar to the case at bar. Defendant cites and relies on Lloyd v. Ins. Co., 200 N. C. 722, wherein it was held that the clause "private automobiles of the pleasure type" did not include a Ford one and one-half ton truck used principally to haul milk. In that case, however, it does not appear that the contract contained an exclusion clause, such as appears in the case at bar. The two cases are not "on all fours" with each other. The same may be said of Taft v. Maryland Casualty Co., 211 N. C. 507, which was a Ford V 8 case.

Defendant calls attention to the Missouri statutes defining commercial type automobiles and contends that since the automobile in question had a seating capacity of more than eight people it must be classified as a commercial type car. It is urged that the statute must be read into the contract. Whether or not such a statute, designed for revenue and police purposes, may be considered a part of a contract of insurance, we do not decide. Defendant rendered its contract ambiguous and uncertain by adding the exclusion clause. It thus became a snare and a delusion to the unwary, even assuming

that it would have been clear and unambiguous but for the addition of said exclusion clause.

The judgment is affirmed.  *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court.  The judgment is affirmed.  All concur.