Anne M. McMANUS,
Plaintiff-Respondent,

v.

The EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES,
Defendant-Appellant.

No. KCD 30244.

Missouri Court of Appeals,
Western District.

June 11, 1979.

---

Michael H. Maher, Kansas City, for defendant-appellant.

Eileen S. Sullivan, Kansas City, for plaintiff-respondent.

Before DIXON, P. J., and TURNAGE and KENNEDY, JJ.

KENNEDY, Judge.

We reverse the trial court's judgment for $3,036 in favor of plaintiff's claim upon a group medical policy issued by defendant The Equitable Life Assurance Society of the United States. The judgment was for an amount paid or incurred for services rendered to plaintiff's deceased husband by Brothers of Mercy Extended Care Facility during a period beginning April 3, 1972, and (with one intermission of 27 days) ending with his death on November 30, 1972.

■ The case turns upon whether the Brothers of Mercy Extended Care Facility was a "hospital" within the meaning of the policy. If it was a "hospital", the expenses were covered by the policy and Equitable is liable for the amount of the judgment; if it was not, then the expenses were not covered and Equitable is not liable. Since the term "hospital" is defined in the policy, we must look there and nowhere else for the definition, for the definition is a part of the

contract. 44 Am.Jur.2d *Insurance* § 1624 (1969). It is there defined as follows:

The term "hospital" means only a legally constituted and operated institution *having, on the premises, organized* facilities (including organized diagnostic and *major surgical facilities*) for the care and treatment of sick and injured persons by or under the supervision of the staff of legally qualified physicians with a registered professional nurse (R.N.) on duty, or on call, at all times. In no event, however, will the term "hospital" include any charges incurred in connection with confinement to, any institution or part thereof which is used *principally as a* rest or *nursing facility* or a *facility for* the aged, chronically ill, *convalescents*, drug addicts or alcoholics, or as a *facility providing primarily* custodial, educational or *rehabilitory care.* (Emphasis supplied.)

■ There are at least two points at which Brothers of Mercy Extended Care Facility does not qualify as a hospital under this definition. It did not have "organized . . . major surgery facilities", and it was "used principally . . . as a facility for . . . convalescents . . . or as a facility providing primarily . . . rehabilitory care." This is clearly established by the evidence and there is no evidence to the contrary.

The evidence of the character of Brothers of Mercy, as we shall hereafter call the facility, is contained in a written questionnaire submitted by Equitable and answered in behalf of Brothers of Mercy by its personnel chief, Kathleen Allen; in the deposition of its administrator, Mr. Ainsworth; and in a Stipulation of Facts entered into by the parties. From these sources, we learn that the facility was licensed by the State of Missouri as a professional nursing home under Chapter 198, RSMo 1969. In the questionnaire, it describes its "type" as "extended care facility", and its "type of license" as "skilled nursing facility".[1] It has facilities for "Rehabilitation and some

1. The term "extended care" is evidently taken from 42 U.S.C.A. § 1395x, which uses the terms "extended care services" to mean certain services furnished to a patient by a "skilled nursing facility".

ambulatory care," and is "For recovery following acute condition," rather than for "short-term confinement for acute care," according to the questionnaire.

Mr. Ainsworth, the administrator, said that the following statement, contained in a brochure published by the facility, accurately stated its basic purpose: "Through our restorative services the post-hospital patient may receive the rehabilitative care needed prior to his transfer to his own home or to a facility designed for long-term care."

The facility provides various types of therapy—occupational therapy for strengthening and correcting alignment of muscles, physical therapy for gait training to improve patient mobility and muscle strength, speech therapy, and recreational therapy. However, it is not equipped for any type of surgery.

We see, therefore, that Brothers of Mercy is not a hospital within the meaning of the policy, and the plaintiff may not recover under the policy.

Plaintiff says the language is ambiguous, and that the ambiguity is to be resolved in plaintiff's favor. That ambiguities in insurance policies are to be resolved against the insurance company is a correct statement of contract construction. *United States Fidelity & G. Co. v. Safeco Insurance Co. of America*, 522 S.W.2d 809 (Mo. banc 1975). Plaintiff argues that since the contract definition of hospital did not specifically exclude "extended care facility", having specifically excluded certain other facilities by name, the "extended care facility" is included.[2]

We, however, find no ambiguity in the contract language as it applies to Brothers of Mercy. The exclusions are stated in the policy in terms of the *primary or principal function*, or *services rendered*, or *which the facility is equipped to render*, rather than by the name which the facility might adopt for itself. It might have called itself a

hospital, but it still would not come within the policy definition, since it had no organized facilities for major surgery, and its principal service was convalescent and rehabilitative care to the patient.

Since all the evidence is in the form of a document, a deposition, and a fact stipulation, there is no occasion for deference to the trial court's fact findings, which is based upon his superior opportunity to judge the credibility of witnesses. *Giokaris v. Kincaid*, 331 S.W.2d 633, 635 (Mo.1960); *Western Casualty & Surety Co. v. First State Bank*, 390 S.W.2d 913 (Mo.App.1965). It is a matter of the application of principles of law to given facts, which presents a question of law rather than a question of fact. We believe in this instance the trial court has erroneously applied the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

The judgment is reversed, with directions to enter judgment for defendant-appellant.

All concur.

---

2. Plaintiff for this point cites *Hoover v. National Casualty Co.*, 162 S.W.2d 363 (Mo.App. 1942), as an application of the expressio unius rule, but we do not find the case in point.

There the "private pleasure type automobile . . . (excluding motorcycle and farm machinery)" was held to include a company-owned bus!